571 So.2d 852 (1990)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., Plaintiffs-Appellees,
v.
P. Charles CALLAHAN, et al., Defendants-Appellants.
No. 89-753.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
Rehearing Denied January 16, 1991.
Writ Denied March 8, 1991.
*853 Roy, Forrest & Lopresto, Leon E. Roy, New Iberia, for plaintiff-appellee.
P. Charles Callahan, New Iberia, in pro. per.
Before STOKER, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal from a property damage award arising out of an automobile accident. On September 13, 1986, Sean Callahan, a minor, rear ended Mrs. Essie Smith's vehicle which was completely stopped at a stop sign. Mrs. Smith sustained no personal injuries but her vehicle's bumper was damaged and had to be replaced. Mrs. Smith obtained two estimates and her insurer, State Farm, paid her the lesser of the two, $349.11, minus the $100 deductible.
State Farm and Mrs. Smith sued both Mr. & Mrs. P. Charles Callahan, Sean's parents, to recover these damages. P. Charles Callahan, a law student at the time, represented himself and his wife in this matter.
At trial, plaintiffs produced five witnesses. Liability was established by the testimony of Mrs. Smith and a policeman. Three experts testified as to damages.
The Callahans, on the other hand, produced no witnesses and no other evidence at all in defense of their case. They relied entirely on cross-examination of the plaintiffs' witnesses. The cross-examination produced no evidence of comparative fault. On the subject of damages the cross-examination tried unsuccessfully to establish that the bumper could be repaired by rechroming instead of replacement. The experts testified otherwise.
When the trial was over the court awarded the plaintiffs $349.11. The judge then told the defendant that his defense was "frivolous, totally and completely frivolous".
On this appeal the Callahans allege that the court erred in both its findings of fault and damages. The Callahans also allege that the court committed various procedural errors. State Farm and Mrs. Smith answered the appeal asking for damages for a frivolous appeal.
We find no merit to the appeal. We find merit to the answer, and we shall award damages for a frivolous appeal.
The statute which authorizes damages for frivolous appeals, La.C.C.P. art. 2164, is penal in nature and must be strictly construed. Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir.1979). For this reason we deem it necessary to discuss appellants' assignments of error, briefly, in order to demonstrate that they are frivolous. Appellants make seven assignments:

FAULT
Mrs. Smith testified she was rear ended by Sean when she stopped for a stop sign. Her recitation of how it happened made Sean's fault the sole cause of the accident. Her testimony was uncontradicted. Appellants argue to us that the trial court found that their son's violation of La.R.S. *854 32:81(A), a statute which makes following too closely a crime, was an incorrect application of the statute as amounting to negligence per se. That is not correct. The trial judge did not even mention the statute. The trial judge said merely that Mrs. Smith was the only person who testified factually as to the case.

DAMAGES
The testimony established, again without contradiction, that the Smith bumper was damaged and needed replacement. The lowest bid cost of the replacement was proved.

PRESCRIPTION
Nearly two years after the accident, the Callahans filed a reconventional demand for their car's damages. The trial court ruled that it was prescribed by the one year prescription of La.C.C. art. 3492. This ruling was assigned as error. It was not. See Brown & Root v. Missouri Pacific Railroad Co., 381 So.2d 1255 (La.App. 4th Cir.1980), writ denied, 385 So.2d 794 (La. 1980).

INADMISSIBLE HEARSAY
Under direct examination, Mrs. Smith testified that Sean Callahan said that the accident was his fault. A hearsay objection by the appellants was overruled. In their brief appellees agree that the jurisprudence at the time of this accident was that a statement by a minor cannot be used against his parents.
It makes no difference here. The admission of hearsay evidence is not reversible error where such evidence even if excluded would not change the result. Succession of Land, 212 La. 103, 31 So.2d 609 (1947). Liability in this case was based on the testimony of Mrs. Smith, not the hearsay evidence of the minor's statement. Taking his statement out of the case would not change the result.

COMPARATIVE FAULT
Appellants assign as error the trial court's refusal to let them argue Mrs. Smith's comparative fault. Apparently, this is what would have been argued in the post trial brief which plaintiffs offered to file, and which the trial court said he did not need. We are at something of a loss as to how to respond to this assignment, and will simply leave it with the observation that there was no evidence in this record on which any argument of Mrs. Smith's comparative fault could reasonably be made. Even in criminal cases, closing arguments must be confined to evidence adduced at trial. La.C.Cr.P. art. 774.

TRIAL COURT BIAS
During its oral reasons for judgment the trial court chided Callahan for wasting the court's time, explaining that both the court and opposing counsel expected, based on the answer, that a defense would be mounted at the trial, and that no defense at all had been offered. The appellants now claim that these comments were a manifestation of the court's bias. The trial judge presided at this trial with patience, courtesy, and evenhandedness. This assignment, like the others, is frivolous.

THE CONTEMPT RULING
Finally, the Callahans allege that the court erred in finding him in contempt for not answering interrogatories and producing their insurance policy in response to a motion to produce. The trial court made this ruling only after a finding that for nearly a year the defendants had deliberately refused to divulge the requested information. Callahan did not want his insurer to know about the accident for fear his rates would go up. The contempt ruling was totally justified.

DAMAGES FOR FRIVOLOUS APPEAL
La.C.C.P. art. 2164 provides that an appellate court may award damages for frivolous appeal. Under this article, we have the authority to award damages for a frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. *855 Louisiana Home Builders v. Fontenot, 546 So.2d 325 (La.App. 3d Cir.1989).
Normally this court refrains from sanctioning pro se litigants for frivolous appeals even though a small number of such litigants expend a disproportionate amount of the court's time and resources. However, in the present case the pro se litigant at the time of trial was a law student, and not wholly unfamiliar with the legal system. He is now an attorney.
Holding pro se litigants liable for frivolous appeals is not without precedent. Courts in other jurisdictions have applied the same frivolous appeal sanctions standard against pro se litigants that they apply to attorneys. See, e.g., Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir.1986), and this language:
That his filings are pro se offers Farguson no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.
Our own circuit also recently imposed sanctions for frivolous appeal against a pro se litigant in Allen v. IMTC, Inc., 567 So.2d 1155 (La.App. 3d Cir.1990).
The Callahans' son was clearly at fault in causing the plaintiff's damages. The Callahans presented no defense or evidence to the contrary. They were found in contempt for not complying with the plaintiffs' pretrial discovery motion. And, finally, the judge gave them lengthy reasons for judgment including how their claimed defense was frivolous. In spite of all this, the Callahans assert this suspensive appeal which increases plaintiffs' legal efforts and further delays the plaintiffs' inevitable recovery.
We cannot believe that appellants are serious. There is no way on this record that they could win this appeal. We must conclude that the appeal was taken solely for the purpose of delay. The attorney's fee which an appellee must pay to defend a frivolous appeal has been held to be an element of damages. Allen v. IMTC, Inc., supra. We will assess an attorney's fee and award that as damages.
For these reasons, the judgment of the trial court is affirmed. Additionally, we render judgment in favor of the appellees, and against the appellants, in the amount of $750, as damages in the form of attorney's fees for the defense of this frivolous appeal. Appellants will pay the costs of the appeal.
AFFIRMED; DAMAGES FOR FRIVOLOUS APPEAL AWARDED.