827 So.2d 543 (2002)
CALCASIEU PARISH SCHOOL BOARD
v.
Willie PARKER d/b/a Transmissions Plus.
No. 02-339.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
*544 Robert Seré Kleinschmidt Jr., Assistant District Attorney, Lake Charles, LA, for Calcasieu Parish School Board.
Bryan F. Gill, Jr., Lake Charles, LA, for Willie Parker, Transmissions Plus.
Court composed of Chief Judge NED E. DOUCET, JR., HENRY L. YELVERTON, and JIMMIE C. PETERS, Judges.
YELVERTON, J.
The Calcasieu Parish School Board appeals a judgment annulling a judgment it obtained against Willie Parker d/b/a Transmission Plus for underpaid sales and use taxes in the amount of $35,216.61. We reverse.

FACTS
The School Board made demand on Parker for sales and use tax he owed for the period of January 1995 to August 1998. Parker was in the auto transmission repair business in Lake Charles. On November 6, 1998, Parker was notified by certified mail that the School Board had made an estimate and assessment of the sales and use tax he owed in the amount of $35,216.61. Thereafter, the School Board filed a rule to show cause on March 12, 1999. Parker was personally served with the rule on March 17, 1999. There was a hearing on the rule on April 14, 1999, at which time Parker appeared without an attorney. Evidence and testimony was introduced. The trial court rendered judgment in favor of the School Board in the amount of $35,216.61, and interest, penalties, and attorney fees. As we shall point out later in more detail, the procedure employed by the School Board in the assessment and collection of the taxes, was in strict accordance with statutory law.
Parker then obtained counsel and on May 14, 1999, filed a motion for new trial and suit to determine taxes due. The School Board filed a motion to dismiss and an exception of res judicata. A hearing on these matters took place on October 14, 1999. The trial court granted a new trial. The School Board applied for a writ of review to this court; a writ was granted with language stating that if a motion for new trial was available, it was not timely.
Parker then filed an action for nullity of the judgment alleging that the judgment was obtained by fraud or ill practices. The School Board filed an exception of no cause of action arguing that a nullity action cannot be used as a substitute for a timely motion for a new trial or appeal. The trial court denied the exception, and, once again, the School Board applied for writ of review to this court. This time we denied the writ.
The petition for nullity was heard on November 8, 2001. After hearing testimony *545 and reviewing evidence, the trial court granted Parker's motion and annulled the April 14, 1999 judgment rendered in favor of the School Board. The appeal before us now is from that judgment of nullity.

NULLITY
Parker filed his action for nullity based on Louisiana Code of Civil Procedure Article 2004, alleging that enforcement of the April 1999 judgment would be inequitable and unconscionable because it was supported by inaccurate and false evidence. Parker also raised the complaint that he was not granted a continuance. The trial court found that Parker had been deprived of the right to have a reasonable assessment made of his tax indebtedness. The court also found that the assessment was unconscionable and inequitable because the School Board based its assessment on sales of six other transmission businesses in the Lake Charles area which were not comparable to the business of Transmission Plus.
We note that the action to nullify the judgment was filed in the same proceeding as the original suit filed by the School Board, and furthermore, it does not appear that the School Board was cited to appear.
An action under La.Code Civ. P. Art. 2004 may not be brought by collateral attack (i.e., an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it), but must be by direct action (i.e., in a proceeding brought for the express purpose of annulling the judgment). Nethken v. Nethken, 307 So.2d 563, 565 (La.1975). "By direct action is meant that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits." Id.

Russland Enterprises, Inc. v. City of Gretna, 98-676, p. 4 (La.App. 5 Cir. 1/26/99), 727 So.2d 1223, 1226, writ denied, 99-980 (La.5/28/99), 743 So.2d 669. However, since no objection has been made to this procedure, we consider any error in this regard waived and will proceed to address the merits of the appeal. Id.; Johnson v. Jones-Journet, 320 So.2d 533, n. 4 (La. 1975).
In the landmark case of Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983), our supreme court recognized two criteria for annulling a final judgment obtained by fraud or ill practices pursuant to Article 2004. The first instance is when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief. The second is when the enforcement of the judgment would be unconscionable or inequitable. The supreme court further explained that "the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable." Id. at 1070. This decision is often cited by the supreme court and the intermediate appellate courts of this state.
However, a nullity action pursuant to Article 2004 is "not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary." Smith v. Cajun Insulation, *546 Inc., 392 So.2d 398, 401 (La.1980). "Discovery of evidence which could have been presented at the original trial usually cannot serve as the basis for an action for nullity." Gladstone v. American Auto. Ass'n, Inc., 419 So.2d 1219, 1223 (La.1982).
The School Board filed the original rule as a summary proceeding pursuant to Louisiana Revised Statute 47:1574 which is available to municipalities and other political subdivisions through Louisiana Revised Statute 33:2841. Lafayette Parish School Bd. v. C & B Sales, 98-1096, 98-1097 (La.App. 3 Cir. 2/3/99), 735 So.2d 6. Louisiana Revised Statute 47:1574 requires taxpayers to present any defenses prior to the time fixed for original hearing and is intended to facilitate collection of taxes by providing a speedy method for determination and trial of all claims. Id.
The supreme court has held that the provisions of the statute "are strict, but the language and intent are clear." St. John the Baptist P.S.B. v. Marbury-Pattillo C. Co., 259 La. 1133, 1144, 254 So.2d 607, 611 (1971). Defenses not filed prior to the time fixed for hearing are not to be considered by the court. Id.
La.R.S. 47:1574(2) and (3) provide that the court has no right to extend time for pleading defenses or to grant a continuance, and no new trial, rehearing or devolutive appeal is allowed. Suspensive appeals must be taken within five days. The obvious statutory intent is to finalize the matter without delay.
Portal Boat Co. v. Stephens, 485 So.2d 985, 987 (La.App. 4 Cir.), writ denied, 488 So.2d 205 (La.1986).
There has been no complaint by Parker that the School Board failed to follow the procedure as required by Louisiana Revised Statute 47:1574. As required by Louisiana Revised Statute 47:1574(4), the pleadings filed by the School Board were accompanied by an affidavit of the director of sales tax for the School Board that the facts as alleged were true and that Willie Parker as owner of Transmission Plus owed $35,216.61 for the time period of January 1995 to August 1998. Therefore, the School Board had established a prima facie case resulting in the burden of proof resting wholly on Parker to establish anything on the contrary. La.R.S. 47:1574(4). Parker introduced no evidence or testimony that this assessment was unreasonable or inaccurate, and as a consequence the court rendered the April 14, 1999 judgment against him.
It was not until the hearing to annul the judgment that Parker sought to prove that the assessment was unreasonable. All of the testimony and evidence he introduced was in defense of the assessment made by the School Board and whether the assessment was reasonable, not that the judgment was unconscionable or inequitable. His defenses should have been filed prior to the original hearing on the matter.
We emphasize that the evidence introduced at the hearing to annul the judgment does not establish that the judgment entered was unconscionable or inequitable. Parker introduced the testimony of a certified public accountant as an expert in the field of accounting and auditing who suggested that she would approach the assessment in a different manner than that used by the School Board. She testified that the approach she would use was not necessarily better but that she would approach it in a different way because the numbers seemed high. She further admitted that because Parker did not keep adequate records, it would be difficult to perform an audit of his business. Parker could not produce 440 invoices out of a total sequenced number of 616.
Pursuant to Louisiana Revised Statute 47:309, it is the duty of the retailer to keep *547 and preserve suitable records until the taxes to which they relate have prescribed. Parker cannot now complain that an arbitrary assessment was inequitable when it was his duty to maintain records. With no records to determine what his actual sales were, the School Board had the right to utilize some method of determining what taxable sales Parker had for the audit period. Schwegmann Bros. Giant Super Mkts., Inc. v. Mouton, 309 So.2d 686 (La. App. 4 Cir.1974), writs denied, 310 So.2d 845 (La.1975). We do not find that the method used by the School Board was unconscionable or inequitable.
For these reasons, we find that the trial court erred in granting Parker's motion to annul the April 14, 1999 judgment. The judgment of the trial court is reversed, and the April 14, 1999 judgment is reinstated. Costs of this appeal are assessed to Willie Parker d/b/a Transmission Plus.
REVERSED.