925 So.2d 591 (2006)
Mark W. HANEY, Robert L. Haney, Jr., Ellis P. Carter, Mary Carter Stokes, Martin C. Carter, Jr., David A. Carter, Pamela Carter Cabiro, Marcelle Carter Leblanc and Ronald T. Carter
v.
Leonard A. DAVIS, Russ M. Herman, Delta Petroleum Company, Inc., Paul B. Maxwell, Jon Maxwell, Delta Rocky Mountain Petroleum, Inc. and Herman, Herman, Katz & Cotlar, L.L.P.
No. 2004-CA-1716.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 2006.
*593 Roy Raspanti, Metairie, LA, for Plaintiffs/Appellants.
Thomas A. Gennusa, II, Joseph S. Piacun, Kelly E. Barbier, Gennusa Law Firm, New Orleans, LA, for Defendants/Appellees.
Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, and Judge ROLAND L. BELSOME.
Chief Judge JOAN BERNARD ARMSTRONG.
Plaintiffs-appellants, Mark W. Haney, Robert L. Haney, Jr., Ellis P. Carter, Mary Carter Stokes, Martin C. Carter, Jr., David A. Carter, Pamela Carter Cabiro, Marcelle Carter LeBlanc and Ronald T. Carter, appeal a summary judgment dismissing plaintiffs' petition for nullity of judgment and damages against certain defendants-appellees, Leonard A. Davis, Russ M. Herman, and Herman, Herman, Katz & Cotlar, LLP. We affirm.
The defendants-appellees answered the appeal asking for damages for frivolous appeal pursuant to La. C.C.P. art. 2164.

I. PLAINTIFFS' APPEAL
In order to prevail, as will be explained hereinafter in depth, the plaintiffs-appellants must show that: (1) their claim of nullity raises new issues or evidence that were not and could not have been raised in the earlier proceedings resulting in the judgment they now seek to annul; and (2) that they succeeded in raising a genuine issue of material fact in the trial court making it error for the trial court to dismiss their nullity action on motion for summary judgment.
This case originated in a 1983 purchase of stock in Delta Petroleum Company, Inc. ("Delta") by certain of the defendants from the plaintiffs. The plaintiffs initially sued the directors and officers of Delta as well as Delta, itself, alleging fraud and the breach of fiduciary duty in the undervaluing of the plaintiffs' stock in Delta resulting in an inadequate price for the plaintiffs' stock to the detriment of the plaintiffs and the enrichment of the defendants named in the original litigation.
In those initial proceedings the trial court granted the defendants' motion for partial summary judgment. This Court affirmed, ruling: (1) that the defendants had no legal duty to disclose the financial projections of a Delta subsidiary, Delta Rocky Mountain Petroleum, Inc. ("DRMP"); and (2) that the plaintiffs offered no evidence that DRMP as a matter of fact performed in a manner anywhere close to the supposed projections. In fact, this Court noted that the only evidence before the trial court was the evidence offered by the defendants showing that DRMP sustained net losses for the years 1984, 1985, 1986 and 1987, contrary to what the projections had predicted. Moreover, this Court also noted that the plaintiffs made no showing that Delta's profitability was in anyway dependent on that of its subsidiary, DRMP. Haney v. Delta Petroleum Co., Inc., 99-0170 (La.App. 4 Cir. 10/6/99), 748 So.2d 36 (hereinafter referred to as Delta I).
Subsequently, this Court affirmed the summary judgment dismissal of plaintiffs' entire suit. Haney v. Delta Petroleum Co., Inc., 01-0636 (La.App. 4 Cir. 3/6/02), 811 So.2d 1200 (hereinafter referred to as Delta II). In Delta II this Court found that the plaintiffs had come forward with no evidence of breach of fiduciary duty or bad faith.
On September 15, 2003 (which was after the dismissal of their entire suit in Delta II became final), the plaintiffs filed the *594 petition for nullity of judgment and damages naming the defendants in this original litigation, Jon Maxwell, Paul B. Maxwell and Delta Rocky Mountain Petroleum, Inc. as well as naming as new defendants, Leonard A. Davis, Russ M. Herman, and Herman, Herman, Katz & Cotlar, LLP. The new defendants had served as counsel for the defendants in the original previously dismissed litigation. It is only these new defendants who brought the motion for summary judgment that resulted in the judgment from which the plaintiffs now appeal. In a companion case before a different panel this Court recently reversed the granting of an exception of res judicata granted in favor of the original defendants. Haney v. Davis, 04-0856 (La. App. 4 Cir. 5/11/05), 904 So.2d 53. The panel in that case noted that its decision was based on a very limited record. Therefore, we find that the decision in that case has no bearing on the instant case now before this panel.
The basis of the petition for nullity is that when the defendants denied that Jon Maxwell prepared a certain handwritten document (which the plaintiffs describe as financial projections for DRMP) annexed to a request for admissions in the original litigation, the denial was untrue, in bad faith and fraudulent. Accordingly, we categorize this as an action for nullity under La.C.C.P. art. 2004 A:
A final judgment obtained by fraud or ill practices may be annulled.
Moreover, the plaintiffs' allegations of fraud in connection with the defendants' answer to the request for admissions, allegations which we stress find no support in the record, are immaterial to the earlier litigation, and, therefore, immaterial to this action in nullity. The disputed projections predict future profits for DRMP which the plaintiffs contend makes the stock in its parent corporation, Delta, more valuable. However this Court carefully considered and disposed of the issue of those projections in our opinion in Delta I:
At the time of the 1983 tender offer, two main approaches to the duty to disclose soft information, such as financial projections, existed. In the first approach, used in Panter [v. Marshall Field, 646 F.2d 271 (7th Cir.1981)], supra, directors had no legal duty to disclose financial projections to shareholders under any circumstance. By this standard, the trial court's dismissal of plaintiffs' claim on this point was correct.
The other approach, used in Starkman [v. Marathon Oil], 772 F.2d 231 (6th Cir.1985) and Vaughn [v. Teledyne, Inc.], 628 F.2d 1214, (9th Cir.1980), supra, dictates that directors only have a legal duty to disclose financial projections if those projections are substantially certain to hold. It was this approach that the trial court addressed in writing: "Even if the Court adopted the approach set forth in Starkman, supra, the Court concludes that, in this case, the alleged financial projections were not substantially certain to hold and/or the estimates were not made with reasonable certainty. The undisputed evidence is that, in fact, DRMP sustained net losses in 1984, 1985, 1986, and 1987." [Emphasis added.]
Delta I, 99-0170, p. 5, 748 So.2d at 39.
What this means is that this Court previously found in Delta I that under the applicable law the defendants either had no duty under any circumstances to disclose projections or that if they had such a duty it was only in those situations in which the projections were substantially certain to hold  and, as this Court noted, the predictions of profitability had already been proven false when the undisputed *595 evidence showed that DRMP had losses from 1984-1987. Id. In other words, projections being merely predictions of the future, they must yield to what actually occurs in the future, which in this case is the unprofitability of DRMP in 1984, 1985, 1986 and 1987, regardless of what the projections for those years might have shown in 1983. Thus, this Court has already found that based on the unrefuted facts, the projections are irrelevant and immaterial.
The Louisiana Supreme Court has determined that fraud concerning a matter that is irrelevant or immaterial does not constitute grounds for nullity:
In Spence v. Spence, 158 La. 961, 105 So. 28 (1925), this court, in interpreting Article 607 of the Code of Practice (the source of Article 2004), stated that "perjury is not a ground for vacating the judgment where the judgment does not rest upon the perjured testimony, as where it relates to an immaterial matter." Spence 105 So. at 30. Although the Spence decision did not turn on the quoted language, a logical interpretation of Article 2004 dictates that a judgment will not be annulled on account of fraud or ill practice in the course of a legal proceeding if the fraud or ill practice pertained to a matter irrelevant to the basis of the decision and the judgment therefore was not obtained by fraud or ill practice. Ward v. Pennington, 523 So.2d 1286 (La.1988). [Emphasis added.]
Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149 (La.10/16/01), 800 So.2d 762, 767; See also Stroscher v. Stroscher, 01-2769 (La.App. 1 Cir. 2/14/03), 845 So.2d 518.
In Ward v. Pennington, 523 So.2d 1286 (La.1988), the Supreme Court explained that:
There must be a causal relationship between the fraud or ill practice and the obtaining of the judgment.
* * *
In the present case the truth or falsity of the handwritten annotation on the 1957 letter was immaterial to the legal basis for the judgment in the first suit.
* * *
The immaterial document and affidavit, whether false or not, clearly had no effect on the judgment obtained by the defendants in the first suit . . .
Id., at pp. 1289-1290.
Obviously, where the basis of the plaintiffs' argument, the disputed projections, has been determined to be irrelevant and immaterial, by definition it raises no genuine issue of material fact and cannot serve to defeat the summary judgment in favor of the defendants from which the plaintiffs bring the instant appeal.
The plaintiffs' argument does not even raise a new issue. Everything that the plaintiffs raise in this action for nullity could have been raised in the original proceedings. It is not the purpose of an action of nullity to allow the party attacking a judgment to reargue old issues. If the plaintiffs felt that the defendants' answer to the request for admissions was contrary to fact, the plaintiffs should have raised that issue in the original proceedings. Moreover, the plaintiffs make no showing of or argument attempting to show prejudice as they did not allege in these nullity proceedings that they intend to offer or attempt to discover any new evidence that would show or imply that Jon Maxwell might have been the author of the projections.
Discovery of evidence which could have been presented in the original *596 proceedings usually cannot serve as the basis for an action for nullity. Gladstone v. American Auto. Ass'n, Inc., 419 So.2d 1219, 1223 (La.1982); Calcasieu Parish School Bd. v. Parker, 02-339, p. 4 (La.App. 3 Cir. 10/2/02), 827 So.2d 543, 546. This is even truer where the evidence cannot be said to have been "discovered", but is all "old" evidence produced during the course of discovery in the original proceedings, which is true of all of the evidence offered by the plaintiffs in the instant nullity action. It also stands to reason that arguments that could have been made in the original proceedings cannot serve as the basis for an action of nullity. This is so because, if the evidence or arguments could have been presented in the original proceedings, then the party moving for nullity cannot be said to have been deprived of the legal right of having the opportunity to do so.
Louisiana jurisprudence sets forth two criteria to determine whether a judgment has been rendered through fraud or ill practices, and is thus subject to nullification: (1) whether circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and (2) whether enforcement of the judgment would be unconscionable or inequitable. Belle Pass Terminal, supra, 01-0149, p. 6, 800 So.2d at 766. In the instant case the plaintiffs offer no evidence or arguments that were not available to them in the original proceedings[1]. Accordingly, they fail to meet the first criterion for nullity, i.e., there is nothing in the record to show that they have been deprived of any legal right as a result of the judgment of which they complain. Additionally, the plaintiffs fail to meet the second criteria for nullity as they have failed to show that the enforcement of the judgment would be unconscionable or inequitable because the financial projections that are essential to their claim of nullity have already been determined by this Court to be irrelevant and immaterial.
This Court in Delta I explained why it rejected the unsupported allegations of the plaintiffs concerning the profitability and value of DRMP:
Plaintiffs strenuously object to the trial court's finding in this area, as they do dispute the evidence offered at the motion for partial summary judgment. Defendants properly supported their motion, offering up documentation supporting their assertion (and the trial judge's finding) that DRMP did not make money during the years stated. Plaintiffs, on the other hand, have offered no evidence that DRMP did turn a profit. They have offered evidence of Delta's general financial well-being; however, they have not demonstrated that the profitability of the corporation was dependent upon the welfare of its subsidiary DRMP. Beyond this, plaintiffs can only allege that DRMP proved to be as profitable as the projections indicated. Mere allegations are not enough to overcome the prima facie case stated by defendants, and do not meet plaintiffs' burden under Art. 966.
Accordingly, the trial court did not err in granting partial summary judgment to defendants, ruling that they had no duty to disclose this particular set of *597 financial projections for DRMP. [Emphasis added.]
Id., 99-0170, pp. 5-6, 748 So.2d at 39.
Essentially, the plaintiffs' nullity claim in the instant appeal is really nothing more than an attempt by the plaintiffs to secure a "second chance to prove a claim that was previously denied for failure of proof," which is exactly what the Louisiana Supreme Court warned against in Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149, p. 5 (La.10/16/01), 800 So.2d 762, 766; See also Calcasieu Parish School Bd. v. Parker, 02-339, p. 4 (La.App. 3 Cir. 10/2/02), 827 So.2d 543, 545; and Morton Bldg., Inc. v. Redeeming Word of Life Ch., 01-1836, p. 6 (La.App. 1 Cir. 10/16/02), 835 So.2d 685, 689.
Let us assume for purposes of argument only, that we draw the inference from the depositions of Tom Maxwell and Genelle Gavin that the plaintiffs wish us to draw, i.e., that Jon Maxwell was the author of the disputed projections. Let us further assume, also for purposes of argument only, that from this inference we now conclude that the trial court in the original proceeding erred in not finding the existence of a genuine issue of material fact sufficient to defeat the defendants' motion for partial summary judgment in Delta I and their motion for summary judgment in Delta II of which the plaintiffs complain in the instant nullity action. It would still do nothing to advance the plaintiffs' cause as it would constitute mere error, which is not a sufficient basis for overturning a previously rendered final judgment. Once a judgment becomes res judicata, it is not reversible on grounds of mere error. Id.
Moreover, if we were to disregard the fact that this Court effectively determined in Delta I that the DRMP projections were not material and instead assumed for purposes of argument that the DRMP projections could be material if prepared by Jon Maxwell as alleged by the plaintiffs, the plaintiffs still face the insurmountable obstacle of offering no evidence to show that Jon Maxwell prepared the projections. Instead of evidence they ask this Court to infer from the fact that the defendants had to be compelled to answer the request for admissions that the defendants had something to hide and that this Court should then infer that the only thing the defendants could have to hide is the fact that Jon Maxwell was the true author of the handwritten projections. Plaintiffs' argue that the defendants' failure to voluntarily comply with discovery creates an adverse evidentiary presumption. We disagree. This is a radical argument concerning discovery procedure that finds no basis in the Code of Civil Procedure or in the jurisprudence. Moreover, we find it ironic that the plaintiffs failed to properly respond to the defendants' discovery requests in the instant nullity proceedings until forced to do so by order of the trial court in response to the defendants' motion to compel.
Thus, the plaintiffs' position is not evidence, but mere argument. Summary judgment cannot be defeated by mere argument. Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Attardo v. Salvador, 96-1170 (La.App. 4 Cir. 2/5/97); 688 So.2d 1296.
Therefore, we must return once again to the inescapable fact of history: that this Court in Delta I effectively determined that the projections are not material regardless of who may have created them.
Finally, we note that plaintiffs cited no cases concerning nullity of judgments. They cited only boiler-plate general summary judgment cases in their original brief. In their reply brief, the plaintiffs cited no cases on any issue.
*598 Summary judgments are favored. Our de novo review of the record in this matter reveals no genuine issue of material fact. There is no basis for reversing the judgment of the trial court.

II. DEFENDANTS' ANSWER TO THE APPEAL
The defendants answered the appeal asking for sanctions under La. C.C.P. art. 2164 for frivolous appeal. We can find no cases in which an appeal from an unsuccessful nullity action was found to be frivolous. However, Comments2001, Comment (b) under La.C.C.P. art. 2004 states that:
When a party is made a defendant and forced to re-litigate the validity of a prior judgment in response to a meritless nullity action alleging fraud or an ill practice, an award of attorney fees may also be considered.
The defendants did not invoke this provision in the trial court. The case cited by the defendants in support of their claim for sanctions for frivolous appeal, State Farm Mut. Auto. Ins. v. Callahan, 571 So.2d 852 (La.App. 3 Cir.1990), does not involve a nullity action. The Callahan court noted that the trial court gave lengthy reasons for judgment which included an explanation of why the defendant's claimed defense was frivolous. Thus, the appellant in the Callahan case was appealing from a decision that included a determination that his position was frivolous. In the instant case there are no explicit or implicit findings by the trial court from which it can be inferred that the trial court found the plaintiffs claim to be frivolous in nature.
It was, therefore, more difficult for the appellant in Callahan to rebut the appellee's contention that he had no good faith basis for his appeal, which is important because implicit in those few cases finding appeals to be frivolous is an element of bad faith.
Appeals are favored in the law and no penalties should be awarded for frivolous appeal unless it is manifestly clear that the appeal was taken solely for delay or that the appealing counsel does not sincerely believe in the view of the law that he is advocating. Hardy v. Easy T.V. and Appliances of Louisiana, Inc., 01-0025, p. 9 (La.App. 4 Cir. 12/12/01), 804 So.2d 777, 782; Sherman for and on Behalf of Magee v. B & G Crane Service, 455 So.2d 1275 (La.App. 4 Cir.1984). Appellate courts are reluctant to grant frivolous appeal damages because of the chilling effect the award may have on the appellate process. Tillman v. Thrasher Waterproofing, 00-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 136.
Although a successful appeal is by definition non-frivolous, the converse is not true because appeals are favored. Lee v. Alton Ochsner Medical Foundation, 01-650, p. 8 (La.App. 5 Cir. 10/17/01), 798 So.2d 1225, 1229. Damages for frivolous appeal are properly awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes. Brown v. Beauregard Elec. Co-op., Inc., 94-512, p. 6 (La.App. 3 Cir. 12/14/94), 647 So.2d 668, 673.
In, Harris v. Gaylord Bag Co., 26,335 (La.App. 2 Cir. 12/7/94), 647 So.2d 542, 544, the court, in deciding that sanctions for frivolous appeal were not warranted, made much of the fact that plaintiff's counsel submitted an appellate brief with citations of authority in support of her position on appeal. While the appellate court found no merit in the appellant's assignments of error, they found that counsel was sincere in advocating them.
*599 La.C.C.P. art. 2164, which allows damages for a frivolous appeal, is penal and must be strictly construed. Elloie v. Anthony, 95-0238, p. 3 (La.App. 4 Cir. 8/23/95), 660 So.2d 897, 899. Because an award of such damages is penal in nature, we must construe the issue strictly in favor of the appellant. Levy v. Levy, 02-0279, pp. 17-18 (La.App. 4 Cir. 10/2/02), 829 So.2d 640, 650. Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant. City of Ruston v. Perritt, 30,896 (La.App. 2d Cir.9/23/98), 718 So.2d 1044.
In Levy, supra, this Court noted that:
Applying the rule of strict construction against [appellee's] motion [for sanctions], we conclude there has not been such a clear showing that [appellant's] assignments of error, while not persuasive legally or factually, have been interposed solely for the purpose of delaying the litigation.
Id., 02-0279, p. 18, 829 So.2d at 650.
It is even more certain in the instant case than it was in Levy that this appeal can serve no purpose of delay. The merits of the underlying claim have already been disposed of by the previous judgments of this Court and nothing in the instant case can serve to retard the effectiveness of those prior judgments. While delay is not the only basis for frivolous appeal, it is one of the major factors to be considered.
Moreover, we also note that in the instant case, as in Levy, "in both brief and appellate hearing, counsel for [plaintiffs] appeared to be serious and sincere in his argument." Id.
While this is a close case, based on the foregoing review of the jurisprudence concerning sanctions for frivolous appeal, we decline to award sanctions.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., concurs in the result.
NOTES
[1] Plaintiffs' brief asks this Court to consider the deposition testimony of Tom Maxwell and Genelle Gavin. However, the plaintiffs had that deposition testimony in their possession prior to the time the judgment was rendered in Delta II that they now seek to nullify. The plaintiffs make no complaints about their access to the deposition testimony and we assume that they had the opportunity to be represented by counsel when those depositions were taken.