**ALLEN VARNADO**        *       **NO. 2022-CA-0038**

**VERSUS**       *

      **COURT OF APPEAL**

**201 ST. CHARLES PLACE,**       *
**LLC, HOWE GREEN, LTD.,**       **FOURTH CIRCUIT**
**AND FF SYSTEMS, INC.**       *

      **STATE OF LOUISIANA**

* * * * * * *

<u>**CONSOLIDATED WITH:**</u>       <u>**CONSOLIDATED WITH:**</u>

**ALLEN VARNADO**       **NO. 2022-CA-0039**

**VERSUS**

**201 ST. CHARLES PLACE, LLC,**
**HOWE GREEN, LTD., AND FF**
**SYSTEMS, INC.**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-01500, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Edwin A. Lombard, Pro Tempore Judge Madeline Jasmine)

Terrence L. Brennan
Kelly E. Theard
Brian S. Schaps
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130

      COUNSEL     FOR     APPELLEE/DEFENDANT/THIRD-PARTY DEFENDANT, MATHES BRIERRE ARCHITECTS, A PROFESSIONAL CORPORATION

John W. Martinez
MARICLE & ASSOCIATES
#1 Sanctuary Boulevard, Suite 202
Mandeville, Louisiana 70471

COUNSEL FOR APPELLEE/DEFENDANT/THIRD-PARTY DEFENDANT, RYAN GOOTEE GENERAL CONTRACTORS, LLC.

Pierre M. Legrand
LEGRAND LAW FIRM L.L.C
3510 N. Causeway Blvd, Suite 604
Metairie, LA 70002

COUNSEL FOR APPELLANT/INTERVENOR, COX COMMUNICATIONS LOUISIANA, LLC

Matthew C. Nodier
NODIER LAW, LLC
8221 Goodwood Blvd., Ste. A
Baton Rouge, LA 70806

COUNSEL FOR DEFENDANT/APPELLANT, 201 ST. CHARLES PLACE, LLC

**AFFIRMED**
**June 29, 2022**

This appeal arises from injuries sustained while plaintiff was performing work for his employer at defendant's building. The architect and contractor hired to complete the restoration work on the outside of the building for defendant filed motions for summary judgment contending that no duty was owed to plaintiff. The trial court agreed and granted the motions for summary judgment, dismissing plaintiff's claims against the architect and contractor.

After reviewing, we find that the architect and contractor owed no duty to plaintiff, as a third-party, months after renovation work was completed. There were no genuine issues of material fact remaining, which would preclude summary judgment. Therefore, the trial court did not err by granting the motions for summary judgment and the judgments of the trial court are affirmed.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

201 St. Charles Place, LLC ("St. Charles") sought to improve the exterior of Place St. Charles, which included upgrading the vault lid on an underground utility vault. St. Charles hired the architecture firm of Mathes Brierre Architects, A Professional Corporation "to design and implement the improvements." Ryan Gootee General Contractors, L.L.C. was hired as the contractor to perform the work.

In April 2015, almost one year after completion of the renovations, Allen Varnado was working for Cox Communications Louisiana LLC outside of Place St. Charles in the Central Business District of New Orleans when he attempted to open an underground utilities vault. He was unable to lift off the vault lid and allegedly sustained back injuries as a result.[1]

Mr. Varnado filed suit against St. Charles; David Norman, a maintenance worker of St. Charles who handed over the vault lid keys; Howe Green, Ltd., the manufacturer of the vault lid; and FF Systems, Inc., a lift jack distributer. Cox, as Mr. Varnado's employer, then filed a Petition of Intervention seeking subrogation to Mr. Varnado's rights against defendants based on payments made to Mr. Varnado pursuant to Louisiana Worker's Compensation laws. Cox named the following parties as defendants-in-intervention: Mr. Varnado, Mr. Norman, St. Charles, Howe Green, and FF.

St. Charles and Mr. Norman filed a Motion for Summary Judgment asserting that no duty was owed to Mr. Varnado and that they did not select or "directly purchase" the vault lid. Howe Green also filed a Motion for Summary Judgment seeking dismissal. The trial court denied St. Charles and Mr. Norman's Motion for Summary Judgment, but then noted that Mr. Norman was dismissed without prejudice unless evidence of an intentional act or gross negligence emerged. The trial court granted Howe Green's Motion for Summary Judgment and dismissed Mr. Varnado's claims against Howe Green with prejudice.

St. Charles then filed a third-party demand against Gootee and Brierre seeking indemnity and defense for Mr. Varnado's claims. Cox filed an Amended and

---

[1] Mr. Varnado's injuries are not at issue in the present appeals.

Supplemental Petition of Intervention to add in third-party defendants, Gootee and Brierre. Mr. Varnado also filed an Amended Petition to add third-party defendants, Gootee and Brierre, as defendants in the principal demand.[2]

Brierre filed an exception of prematurity or alternatively, a motion to stay St. Charles' third-party demand based on an arbitration clause contained in the contract. The trial court granted the exception of prematurity and stayed all of St. Charles' claims against Brierre.[3]

St. Charles filed a second Motion for Summary Judgment seeking the dismissal of Mr. Varnado's claims because "the facts and evidence prove St. Charles had no actual or constructive notice of the alleged condition prior to the instant incident." The trial court denied St. Charles' second Motion for Summary Judgment.

Gootee filed an exception of no right of action and, alternatively, Motion for Summary Judgment seeking to dismiss Mr. Varnado's claims and Cox's intervention claims. Gootee contended that it did not have custodial control over the vault lid

---

[2] However, Mr. Varnado noted that he did:

> not believe that Goutee [sic] or Brierre had any duty to provide any special cleaning or maintenance procedures to 201 St. Charles LLC because as a sophisticated landowner who had custody of the vault cover knew or should have known to keep property in its control sufficiently maintained so that parties using 201's vault key to access the vault it had custody of would not be injured, if after trial the trier of fact finds any contributing fault on Goutee [sic] and/or Brierre plaintiff alleges they are also responsible to plaintiff for causing the accident.
>
> While plaintiff does not believe the facts show that the cover was improperly installed and in fact could easily be opened if 201 St. Charles Place, LLC, the custodian, properly cleaned and maintained it, if after trial the Under of fact determines it was improperly installed and that was a contributing cause of the accident, plaintiff alleges Goutee [sic] and Brierre are also responsible to plaintiff for causing the accident.

[3] As of the date of the trial court's hearing on the Motions for Summary Judgment before this Court on appeal, St. Charles had yet to initiate arbitration proceedings.

3

and that it had no actual or constructive knowledge of the alleged defective condition. Gootee then filed an exception of no right of action, and, alternatively, Motion for Summary Judgment regarding St. Charles' third-party demand. Then, Brierre filed a Motion for Summary Judgment seeking the dismissal of all of Mr. Varnado's claims, as it "did not install the access cover at issue and had no obligation or duty to clean or maintain the access cover at issue."

The hearing for consideration of the Motions for Summary Judgment in March 2021 was continued, the case was re-allotted, and the matters were reset. After the hearing was reset, St. Charles filed a Motion to Continue, alleging that Hurricane Ida and scheduling delays had prevented St. Charles from conducting discovery.

The trial court denied St. Charles' Motion to Continue, and, following a hearing in October 2021: 1) granted Gootee's Motion for Summary Judgment; 2) dismissed Mr. Varnado's and Cox's claims against Gootee with prejudice; 3) granted Brierre's Motion for Summary Judgment; and 4) dismissed Mr. Varnado's and Cox's claims against Brierre with prejudice. The judgments were designated as final and appealable pursuant to La. C.C.P. art. 1915.

St. Charles filed Motions for Devolutive Appeal seeking to appeal the granting of both Gootee's and Brierre's Motions for Summary Judgment. Cox also filed Motions for Devolutive Appeal for review of the same judgments. This Court consolidated St. Charles' and Cox's appeals.

St. Charles avers the trial court: 1) erred by denying the Motion to Continue; 2) erred by granting Brierre's Motion for Summary Judgment because genuine issues of material fact exist regarding whether special maintenance of the vault lid was required and that Brierre failed to inform St. Charles of same; 3) erred by

4

granting Brierre's Motion for Summary Judgment because genuine issues of material fact exist as to Brierre's negligence in choosing the vault lid; 4) erred by granting Gootee's Motion for Summary Judgment because genuine issues of material fact remain regarding Gootee's duty to give St. Charles any special maintenance instructions; and 5) erred by granting Gootee's Motion for Summary Judgment because genuine issues of material fact exist about whether Gootee ever provided instructions to St. Charles on how to operate and/or lift the vault lid as required by contract. Cox adopted the assignments of error as written by St. Charles.

## *JURISDICTION*

"Appellate courts have a duty to determine *sua sponte*, whether the court has proper jurisdiction to consider the merits of an appeal filed in the court." *Joseph v. Wasserman*, 21-0138, p. 3 (La. App. 4 Cir. 12/17/21), 334 So. 3d 413, 416. This Court held that "[w]hen a judgment dismisses one of several claims by the plaintiff, *the plaintiff must appeal* the adverse judgment to obtain affirmative relief." *Amedee v. Aimbridge Hosp. LLC*, 20-0590, p. 3 (La. App. 4 Cir. 12/1/21), 332 So. 3d 212, 214-15, *writ granted*, 21-01906 (La. 4/5/22), 335 So. 3d 248. This Court determined that because the plaintiff did not appeal, then a co-defendant of the dismissed party did not have the right to appeal that co-defendant's dismissal on summary judgment. *Id.*, 20-0590, p. 4, 332 So. 3d at 215. This Court found that it lacked "authority to determine whether the grant of summary judgment in favor of the [co-defendant] was correct on its merits because [plaintiff] failed to appeal." *Id.*

We note that Mr. Varnado did not appeal the trial court's judgments granting Brierre's and Gootee's Motions for Summary Judgment. However, we address the appeals because of the unique procedural circumstances present, *i.e.*, Brierre and Gootee are also third-party defendants of St. Charles, as a third-party plaintiff, and

5

not merely co-defendants of St. Charles.[4]  As such, our analysis continues below.

## *MOTION TO CONTINUE*

St. Charles and Cox (hereinafter "Appellants") contend that the trial court erroneously denied St. Charles' Motion to Continue and that ruling on the Motions for Summary Judgment was premature.

"The denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court."  *Newsome v. Homer Mem'l Med. Ctr.*, 10-0564, p. 2 (La. 4/9/10), 32 So. 3d 800, 802.

Louisiana requires that litigants are given time for adequate discovery before granting a motion for summary judgment.  *See* La. C.C.P. art. 966(A)(3).  This Court previously outlined the examination of determining whether adequate discovery was permitted as follows:

> Construing Article 966, this court has held that "[a]lthough the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case."  *Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.), Ltd.*, 03-1600, pp. 3-4 (La. App. 4 Cir. 3/3/04), 868 So. 2d 967, 969.  Similarly, the Louisiana Supreme Court, construing that Article 966, has held that "[u]nless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact." *Simoneaux*, 483 So.2d at 913.
>
> Addressing an adequate discovery claim, the jurisprudence has identified the following four relevant factors for the court to consider:
> (i) whether the party was ready to go to trial,
> (ii) whether the party indicated what additional discovery was needed,
> (iii) whether the party took any steps to conduct additional discovery during the period between the

---

[4] We are also cognizant that the Louisiana Supreme Court has granted writs and ordered briefing in *Amedee*.  *See Amedee v. Aimbridge Hosp. LLC*, 21-01906 (La. 4/5/22), 335 So. 3d 248.

filing of the motion and the hearing on it, and (iv) whether the discovery issue was raised in the trial court before the entry of the summary judgment.

*Bass Partnership v. Fortmayer*, 04-1438, p. 10 (La. App. 4 Cir. 3/9/05), 899 So.2d 68, 75 (citing *Greenhouse v. C.F. Kenner Associates Ltd. Partnership*, 98-0496, p. 3 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, 1006).

\*          \*          \*

When addressing an adequate discovery claim, this court has recognized another factor that may be considered is whether discovery has been hindered by a circumstance beyond an opponent's control.

*Roadrunner Transp. Sys. v. Brown*, 17-0040, pp. 11-13 (La. App. 4 Cir. 5/10/17), 219 So. 3d 1265, 1273-74.

Examining these factors, we note that Mr. Varnado's lawsuit was filed in 2016. Initially, these Motions for Summary Judgment were set to be heard in March 31, 2021, and the parties were prepared to have the hearing (fully briefed and all memoranda were filed). Only after the hearing was reset did St. Charles contend that additional discovery was necessary. Namely, St. Charles sought the depositions of Howe Green and Cox after the initial hearing date. St. Charles also maintains that Hurricane Ida contributed to the inability to complete discovery. However, Hurricane Ida occurred towards the end of the approximate six years of litigation prior to the October 2021 hearing on the Motions for Summary Judgment. Given the application of the above jurisprudential factors to the facts and circumstances present in the current matter, the trial court did not abuse its discretion by denying St. Charles a continuance on the Motions for Summary Judgment.

### *MOTIONS FOR SUMMARY JUDGMENT*

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action" and the favored procedure "shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). "After an

7

opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

The burden of proof on a motion for summary judgment lies with the mover. La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden . . . does not require him to negate all essential elements of the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). Instead, he must "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* The adverse party then must "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"Appellate courts review judgments granting or denying motions for summary judgment *de novo* using the same criteria district courts consider when determining if summary judgment is proper." *Fertitta v. Regions Bank*, 20-0300, p. 9 (La. App. 4 Cir. 12/9/20), 311 So. 3d 445, 452. Therefore, we must determine "'whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.'" *Edgefield v. Audubon Nature Inst., Inc.*, 17-1050, p. 5 (La. App. 4 Cir. 3/27/19), 267 So. 3d 738, 741 (quoting *Champagne v. Ward*, 03-3211, p. 4 (La. 1/19/05), 893 So. 2d 773, 776). Further, this Court examines a genuine issue of material fact as follows:

> The Louisiana Supreme Court stated "that a 'genuine issue' is a 'triable issue,' an issue in which reasonable persons could disagree." *Id.*, 03-3211, p. 5, 893

So.2d at 777, quoting *Jones v. Estate of Santiago*, 03-1424, p. 6 (La. 4/14/04), 870 So.2d 1002, 1006. "In determining whether an issue is 'genuine,' courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751, quoting *Simon v. Fasig–Tipton Co. of New York*, 524 So.2d 788, 791 (La. App. 3rd Cir. 1988). Summary judgment is rarely "appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, this court acknowledged ... that 'summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent.'" *Jones*, 03-1424, p. 6, 870 So.2d at 1006, quoting *Smith*, 93-2512, p. 28, 639 So.2d at 751.

Likewise, the Louisiana Supreme Court summarized what constitutes a material fact as follows:

A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Penalber v. Blount*, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *South Louisiana Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3d Cir.1991), *writs denied*, 596 So.2d 211 (La.1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Sassone v. Elder*, 626 So.2d 345, 352 (La.1993); *Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co.*, 427 So.2d 1152, 1153-54 (La. 1983) (collecting cases); *McCoy v. Physicians & Surgeons Hospital, Inc.*, 452 So.2d 308, 310 (La.App. 2d Cir.), *writ denied*, 457 So.2d 1194 (La.1984) (noting that "[s]ummary judgment may not be used as a substitute for trial").

*Smith*, 93-2512, p. 27, 639 So.2d at 751.

*Edgefield*, 17-1050, pp. 5-6, 267 So. 3d at 741-42.

### *BRIERRE*

Appellants contend that the trial court erred by granting Brierre's Motion for

Summary Judgment and dismissing Mr. Varnado's/Cox's claims against Brierre. Specifically, Appellants assert that genuine issues of material fact exist regarding whether special maintenance of the vault lid was required and that Brierre failed to inform St. Charles of same and that genuine issues of material fact exist as to Brierre's negligence in choosing the vault lid.

Brierre filed a Motion for Summary Judgment contending it, as the architect, owed no duty to Mr. Varnado and did not breach any duty to Mr. Varnado. Therefore, likewise, Brierre owed no duty to Cox. In support, Brierre attached the affidavit of Keith Scarmuzza, the Vice President of Planning and Landscape Architecture for Brierre; the agreement between St. Charles and Brierre; the e-mail wherein Mr. Varnado approved the selection of the vault lid; product information on the Howe Green vault lid; the contract between St. Charles and Gootee; the certificate of substantial completion; Mr. Vanado's Petition for Damages; St. Charles' third-party demand against Brierre and Gootee; the judgment staying all of St. Charles' claims against Brierre; Mr. Varnado's Third Amended Petition wherein he added Brierre and Gootee as defendants; the affidavit and report of an engineer stating that Mr. Varnado's issues with the vault lid were caused by "inadequate cleaning and maintenance;" and Cox's First Supplemental and Amending Petition of Intervention.

In opposition, St. Charles attached the following: two affidavits from St. Charles' asset manager stating that St. Charles hired and relied upon Brierre; an affidavit of Mr. Scarmuzza; the 1442 deposition of St. Charles; an excerpt of Kyle Hebert's[5] deposition about the lifting keys for the vault lid; and discovery

---

[5] A Gootee employee.

requests/responses. Cox adopted and incorporated St. Charles' opposition. Mr. Varnado opposed the Motion for Summary Judgment without attaching exhibits. He did not seek an appeal or file briefs with this Court.

As there were no contracts between Mr. Varnado, as a third party, and Brierre, we examine the Motion for Summary Judgment within the negligence framework. "[N]egligence claims are examined using a duty/risk analysis," which requires the plaintiff to prove that "(1) defendant's conduct was a cause in fact of the plaintiff's injuries; (2) the defendant had a duty to conform conduct to a specific standard; (3) the defendant breached that duty; (4) the defendant's conduct was the legal cause of plaintiff's injuries; and (5) plaintiff sustained actual damages." *Mosley v. Orleans Par. Sch. Bd.*, 04-1273, pp. 3-4 (La. App. 4 Cir. 2/16/05), 898 So. 2d 524, 527. "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability." *Id.*, 04-1273, p. 4, 898 So. 2d at 527.

"Duty is a question of law." *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So. 2d 1364, 1371 (La. 1984). "Absent a duty, "'there can be no liability.'" *N. Clark, L.L.C. v. Chisesi*, 16-0599, p. 9 (La. App. 4 Cir. 12/7/16), 206 So. 3d 1013, 1019 (quoting *Girtley v. ACE Am. Ins. Co.*, 15-397, p. 5 (La. App. 5 Cir. 12/9/15), 182 So. 3d 351, 354).

Upon reviewing the evidence presented and hearing oral argument, the trial court determined that Brierre owed no duty to Mr. Varnado and, likewise, breached no duty to Mr. Varnado. We agree. There is no evidence that Brierre was contractually or otherwise tasked with maintaining, cleaning, and/or inspecting the vault lid after completion of the work. While St. Charles maintains that Brierre failed to inform it of any special maintenance instructions, there is no evidence that

11

such special maintenance instructions exist.[6]

"Summary judgment cannot be defeated by mere argument" because "[a]rgument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact." *Haney v. Davis*, 04-1716, pp. 9-10 (La. App. 4 Cir. 1/19/06), 925 So. 2d 591, 597. Accordingly, we find that no genuine issues of material fact exist as to whether Brierre, the architect, owed a duty to Mr. Varnado, as a third-party traversing the renovated area almost a year after the project's completion. Given the lack of evidence, we find the trial court did not err by granting Brierre's Motion for Summary Judgment.[7]

### *GOOTEE*

Appellants maintain that the trial court erred by granting Gootee's Motion for Summary Judgment and dismissing Mr. Varnado's/Cox's claims against Gootee. Appellants aver that genuine issues of material fact remain regarding Gootee's duty to give St. Charles any special maintenance instructions and genuine issues of material fact exist about whether Gootee ever provided instructions to St. Charles on how to operate and/or lift the vault lid as required by contract.

Gootee filed a Motion for Summary Judgment asserting that summary judgment was proper "because no genuine issue of material fact exists that [it] had no duty of care or maintenance of the subject cable vault doors." In support, Gootee attached Mr. Varnado's Third Amended Petition; the contract between Gootee and St. Charles; Gootee's subcontract with All-Star Electric, LLC; a certificate of occupancy and completion dated April 29, 2014; a certificate of substantial

---

[6] These claims relate more toward St. Charles' direct assertions against Brierre and not Mr. Varnado's claims against Brierre.

[7] We note, again, that St. Charles' claims against Brierre were stayed pending arbitration by the trial court. Therefore, these claims are not before us on appeal.

completion from May 2014; the affidavit of Ryan Gootee, as the managing member of Gootee; Keith Dwyer[8] deposition excerpts reflecting he retrieved the vault lid keys from St. Charles; Kyle Hebert deposition excerpts regarding the opening of the vault lid during the construction project; excerpts from Mr. Norman's deposition about possessing the vault lid keys as an employee of St. Charles; and the affidavit and report of an engineer stating that Mr. Varnado's issues with the vault lid were caused by "inadequate cleaning and maintenance."

In opposition, St. Charles attached the following: two affidavits from St. Charles' asset manager stating that St. Charles hired and relied upon Brierre for vault lid selection; an affidavit of Mr. Scarmuzza; the 1442 deposition of St. Charles; an excerpt of Kyle Hebert's deposition about the lifting keys for the vault lid; and discovery requests/responses. Cox adopted and incorporated St. Charles' opposition. Mr. Varnado opposed based on the premise that "[i]f Goutee's [sic] motion is denied, then the motions for summary judgment filed against plaintiff should also be denied to prevent unfair and inconsistent results." Mr. Varnado's opposition did not include exhibits. He did not seek an appeal or file briefs with this Court.

Again, there were no contracts between Mr. Varnado, as a third party, and Gootee, we examine the Motion for Summary Judgment within the negligence framework. "Duty is a question of law." *Harris*, 455 So. 2d at 1371. "Absent a duty, "'there can be no liability.'" *N. Clark, L.L.C.*, 16-0599, p. 9, 206 So. 3d at 1019.

Upon reviewing the evidence presented and hearing oral argument, the trial

---

[8] Gootee's Project Superintendent.

court judge stated that "there is no evidence or no material facts to suggest that there was any type of duty owed by Gootee outside of its contractual duties owed to 201 St. Charles on this matter that extend beyond that to the plaintiff or in any respect to the plaintiff or to Cox in this matter." We agree. There is no evidence that Gootee was contractually or otherwise tasked with maintaining, cleaning, and/or inspecting the vault lid after completion of the work. While St. Charles maintains that Gootee failed to inform it of any special maintenance instructions that was included in the "product data," there is no evidence that such special maintenance instructions exist.[9]

As we stated above, mere argument does not create a genuine issue of material fact. *Haney*, 04-1716, pp. 9-10, 925 So. 2d at 597. Accordingly, we find that no genuine issues of material fact exist as to whether Gootee owed a duty to Mr. Varnado, as a third-party traversing a renovated area almost a year after the completion of Gootee's work. Given the lack of evidence, we find the trial court did not err by granting Gootee's Motion for Summary Judgment.

### *LA. C.C.P. ART. 966(G)*

Appellants assert that the trial court erred by granting Brierre's and Gootee's Motions for Summary Judgment because La. C.C.P. art. 966(G) will prevent evidence of their alleged negligence from being introduced at trial.

La. C.C.P. art. 966(G) provides:

> When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or non-party is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, that party or non-party shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or non-

---

[9] Additionally, we note that St. Charles' third-party claims against Gootee, which are more closely aligned with this assertion, are not before this Court on appeal and remain pending in the trial court.

14

> party. During the course of the trial, no party or person shall refer directly or indirectly to any such fault, nor shall that party or non-party's fault be submitted to the jury or included on the jury verdict form.

We find this argument lacks merit. The trial court dismissed Mr. Varnado's and Cox's claims against Appellants. The trial court did not dismiss St. Charles' claims against Brierre[10] and Gootee. Hence, evidence may not be presented to demonstrate Brierre or Gootee's liability to Mr. Varnado. The granting of summary judgment does not interfere with St. Charles presenting evidence relative to its case against third-party defendants.

### *DECREE*

For the above-mentioned reasons, the trial court did not abuse its discretion by denying St. Charles' Motion to Continue, as litigation was ongoing for years and the issues were fully briefed and prepared to go before the trial court months prior to the hearing. Further, no genuine issues of material fact remained regarding the lack of Brierre's or Gootee's duty to Mr. Varnado. As such, the trial court did not err by granting the Motions for Summary Judgment and dismissing Mr. Varnado's claims against Brierre and Gootee. The judgments of the trial court are affirmed.

**AFFIRMED**

---

[10] Again, St. Charles' claims against Brierre are currently stayed pending arbitration.

15