287 So.2d 552 (1973)
CHARLES PFIZER & CO., INC., Plaintiff-Appellant,
v.
David C. TYNDALL, Defendant-Appellee.
No. 4360.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
Rehearing Denied January 21, 1974.
Writ Refused March 15, 1974.
Scotty G. Rozas, Lake Charles, for plaintiff-appellant.
E. M. Nichols, Lake Charles, for defendant-appellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
On an exception of lack of procedural capacity, the trial court dismissed plaintiff Charles Pfizer & Co., Inc.'s suit to recognize a Texas judgment against defendant David C. Tyndall. It was held that Pfizer had not qualified to do business but was in fact doing business in Louisiana, and that LSA-R.S. 12:301 and 314, subd. A required Pfizer to quality to do business in Louisiana before it could use our courts. We reverse on the basis that Pfizer comes within the exception provided in LSA-R.S. 12:302, subd. E.
Pfizer is a Delaware corporation not authorized to do business in Louisiana. Its main office is in New York and its products are manufactured in New York and England. At trial of the exception, the sole evidence adduced was the testimony of Richard Ray Dufrene, employed as a "detail man" by Pfizer. Dufrene described his functions as acquainting southwest Louisiana doctors with drugs and other products manufactured by Pfizer. Pfizer grosses about $25,000 annually in the southwest Louisiana area, but has no office or warehouse in Louisiana. Dufrene resides in Lake Charles and uses his home as his office. Pfizer's regional office in Dallas, Texas accepts and fills orders placed by customers called on by Dufrene.
*553 Dufrene did not testify that he was authorized to, or actually did, accept binding orders from Louisiana customers. Rather, he indicated that most orders in his region were sent by the customer to the regional office in Dallas and were filled by direct shipping to the customer. Some orders were occasionally placed through Dufrene by area drugstores and hospitals and forwarded by him to the Dallas office. It appears that Dufrene did not himself accept these orders and that shipments were made directly from Dallas to the customer.
The trial judge assigned written reasons finding that Pfizer was in fact doing business in Louisiana within the meaning of LSA-R.S. 12:314 and was thus precluded from appearing in Louisiana courts because it was not authorized to do business in Louisiana. The trial judge further found that Pfizer was not engaged exclusively in interstate commerce and thus did not come within the LSA-R.S. 12:302, subd. H. exception to "doing business" in Louisiana, citing Eli Lilly and Company v. Sav-on-Drugs, Inc., 366 U.S. 276, 81 S.Ct. 1316, 6 L.Ed.2d 288 (1961).
Although Pfizer contests the finding that it is doing business in Louisiana, it primarily relies upon the exceptions contained in LSA-R.S. 12:302, subds. E and H as precluding the necessity for authorization to do business in Louisiana before access to state courts is permitted. Pfizer further alleges that the burden of proving lack of procedural capacity rests upon the party asserting such a defense and that Tyndall failed to meet this burden. We pretermit consideration of the argument that subsection H applies and do not find it necessary to consider the Lilly case, supra.
Corporations which have not qualified to do business in Louisiana are permitted to use our courts when their activities are limited to:
"Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, if such orders require acceptance outside this state before becoming binding contracts, including all preliminary incidents thereto." LSA-R.S. 12:302, subd. E.
The evidence indicates that Pfizer came within the spirit and meaning of this exception. It was not proved that Dufrene accepted an order binding Pfizer while acting as an employee in Louisiana. On the contrary, most orders were submitted directly to Pfizer for acceptance. The few orders that Dufrene himself took were transmitted to Dallas for acceptance. Whether or not Dufrene had the express or implied authority to accept such orders, whether he in fact ever did, and whether or not there were other Pfizer employees engaged in similar or more extensive activities in Louisiana are not shown by the evidence.
The burden of proving a corporation is without procedural capacity is upon the party asserting the defense. Kirkeby-Natus Corporation v. Campbell, 210 So.2d 103 (La.App. 4 Cir. 1968); Hattiesburg Manufacturing Co. v. Pepe, 140 So.2d 449 (La.App. 1 Cir. 1962).
The judgment maintaining Tyndall's exception of lack of procedural capacity and dismissing Pfizer's suit with prejudice is reversed. The case is remanded for further proceedings, allowing Charles Pfizer & Co., Inc. to proceed without the necessity of qualifying to do business in Louisiana. Costs of this appeal are to be paid by defendant David C. Tyndall.
Reversed and remanded.