SCHOTT, Judge.
This appeal is from a judgment maintaining defendant’s exception to plaintiff’s procedural capacity to bring the suit. The exception was based on plaintiff’s being a New York corporation not authorized to transact business in the state and LSA-R.S. 12:314, prohibiting such a corporation from filing a suit in our courts.
The prohibition in the statute applies to the foreign corporation “transacting business in this state.” Defendant propounded written interrogatories to plaintiff, one of which elicited the following response:
“INTERROGATORY NO. 8
The entire extent and nature of operations of Aspen Industries, Inc. in Louisiana consists of solicitation of sales orders *528 for acceptance at its main office in Tully, N. Y., for swimming pool chemical products by an employed regional sales manager residing in Dallas, Texas, until his resignation on October 31, 1978. He has not yet been replaced.”
These facts would bring plaintiff under the provisions of R.S. 12:302 which provides that a foreign corporation shall not be considered to be transacting business in this state because of:
“E. Soliciting or- procuring orders, whether by mail or through employees or agents or otherwise, if such orders require acceptance outside this state before becoming binding contracts, including all preliminary incidents thereto.”
In Charles Pfizer & Co., Inc. v. Tyndall, 287 So.2d 552 (La.App. 3rd Cir. 1973), writs refused, 290 So.2d 908, the court held that the burden of proving a corporation is without procedural capacity is upon the party asserting the defense. Defendant has produced no evidence to contradict the statement of plaintiff in its quoted answer to the interrogatory so that R.S. 12:302E clearly applies. As in the Pfizer case the judgment of the trial court in this case is erroneous.
For the first time defendant has filed in this court an exception of lis pen-dens alleging that after plaintiff took its appeal to this court it filed an identical suit against defendant in the United States District Court for the Eastern District of Louisiana. The exception of lis pendens is a declinatory exception under C.C.P. Art. 925. As provided by C.C.P. Art. 928, the declina-tory exception must be pleaded “prior to answer or judgment by default.” It cannot be pleaded for the first time in an appellate court.[1]
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff, Aspen Industries, Inc., and against defendant, Dixie Pool Supply Company, overruling its exception of lack of procedural capacity on the part of plaintiff. The case is remanded to the district court for further proceedings. The costs of this appeal are taxed against defendant and other costs will await the outcome of the case.
REVERSED, RENDERED, AND REMANDED.

. There is no authority in the Code of Civil Procedure for filing a declinatory exception for the first time in the appellate court as there is for a peremptory exception, C.C.P. Art. 2163.