BOUTALL, Judge.
We granted a writ of certiorari on the application of Eastlake Trading Co., Inc. plaintiff in this matter, to review the correctness of a judgment of the Civil District Court for the Parish of Orleans dated November 24, 1980, rendered in favor of defendant, Lanark, Inc., and against plaintiff dissolving and vacating a writ of attachment previously issued on November 19, 1980, and maintaining a peremptory exception of no right of action filed by Lanark, dismissing plaintiff’s suit with prejudice.
Eastlake Trading Co., Inc., a Panamanian corporation, sued Lanark, Inc., also a Panamanian corporation, alleging that the parties had entered into a joint venture agreement to sell steel products and that Lanark had violated the agreement between them, causing damages in the amount of $404,000. In this petition, Eastlake sought garnishment against Iberia Trading Company, Inc., a Louisiana corporation, alleging that Iberia had in its possession or under its control property belonging to Lanark, and obtained a non-resident writ of attachment attaching the sum of $122,876.30 purportedly due La-nark under a sight draft payable November 23, 1980.
In response to this petition and the resulting attachment, Lanark filed a peremptory exception of no right of action and a motion to dissolve the attachment. These matters came to trial resulting in the judgment above mentioned. Several issues have been raised both under the motion to dissolve the attachment, and under the exception of no right of action. Because of the fact that the motion to dissolve the attachment would only have effect as to the validity of the attachment itself, and would have nothing basically to do with the main issue of the suit, that is, a suit for violation of contract between Eastlake and Lanark, and because of the conclusion we reach on the exception, we see no necessity to discuss the issues relative to attachment.
The peremptory exception of no right of action (Article 927(5) of the Code of Civil Procedure) is based on 2 grounds, 1.) that the plaintiff corporation is not qualified to do business in the State of Louisiana, and 2.) neither the Corporation nor its President has been authorized to institute suit. As to the first, it is apparent from the record that Eastlake is a foreign corporation as its petition recites that it is a “Panamanian Corporation with its principal place of business located in Panama City, Republic of Panama.” There is some evidence, but not con-clusory, that Eastlake maintains an office and a bank account in New Orleans and has been actively doing business. Under LRS 12:314(A) a foreign corporation transacting business in Louisiana is not permitted to present any judicial demand before a court of this state unless it has been authorized to transact such business. Because there is some doubt in our minds as to whether, under the evidence presented, there is sufficient evidence to show that Eastlake did such business in Louisiana to bring it within the prohibition of that statute, (see R.S. 12:302) we do not rely upon that ground in affirming the maintenance of the exception.
The second basis of the exception, authority to institute suits, similarly is hinged upon whether Eastlake is doing business in Louisiana. R.S. 12:82(G) provides that the president of any foreign corporation doing business in this state shall have power to institute suit, unless otherwise provided, and no exception of want of authority shall lie on the part of the other party. This section is not applicable in this case because Eastlake has not provided the certificate of authorization to transact business required by R.S. 12:314(A).
The record shows that there was never any authority given the president of East-lake to file this suit, and that the board of directors of the corporation has never authorized this suit. There is no showing that the president was granted authority either by charter or by by-laws of the corporation to unilaterally bring such a suit on behalf of the corporation. Lacking such authority, plaintiff’s suit must be dismissed at its cost. Correspondingly, because we affirm the dismissal of the suit, the writ of attachment is dissolved and the stay order previously issued by this court is also dissolved.
*1148 The judgment appealed from, dated November 24, 1980, is affirmed.

AFFIRMED.

REDMANN, J., dissenting.