871 So.2d 476 (2004)
In re TUFTS OIL AND GAS-III, A Delaware Limited Partnership.
No. 03-CA-1296.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 2004.
*477 William W. Hall, William W. Hall & Associates, Metairie, LA, and Jack A. Grant, Grant and Barrow, Gretna, LA, for defendant-plaintiff-in-reconvention and appellant Tufts Oil and Gas-III, a Delaware Limited Partnership.
Walter C. Thompson, Jr., Jan K. Frankowski, Barkley & Thompson, New Orleans, LA, for defendant-appellant Robert G. Tufts.
James M. Garner, Sher, Garner, Cahill, Richter, Klein, McAlister & Hilbert, and Mark S. Stein, Mitchell J. Hoffman, Lowe, Stein, Hoffman, Allweiss & Hauver, and T. Carey Wicker, III, Capitelli & Wicker, and Thomas M. Flanagan, Jennifer L. Thornton, Stanley, Flanagan & Reuter, New Orleans, LA, for appellees, Linda Tufts Hebbler and Frederick J. Tufts.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Tufts Oil & Gas-III, L.P. appeals the district court judgment dismissing its reconventional demand after maintaining exceptions of no right of action, or alternatively, lack of procedural capacity. At issue is whether the president of Tufts' corporate general partner possessed authority to file the reconventional demand in the name of the limited partnership. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
In these proceedings, disputing siblings assert competing claims for judicial dissolution of certain business entities. The four siblings, Frederick J. Tufts, Linda Tufts Hebbler, Robert G. Tufts, and J. David Tufts, III, are the adult children of Mr. and Mrs. J.D. Tufts, II. Prior to his death in 1993, Mr. Tufts, II was successful in several business ventures he entered with his business partner, Mr. Albert B. Crutcher, Jr. The four Tufts siblings now jointly own a family business holding partnership, Tufts Oil & Gas-III, L.P., referred to as "TOG-III." TOG-III is organized as a Delaware limited partnership in which each of the four Tufts siblings is a limited partner and owns a 23.75% partnership interest. TOG-III's general partner is Toraflid Corporation, a Louisiana corporation that owns the remaining 5% partnership interest in TOG-III. Each of the Tufts siblings owns 25% of Toraflid's outstanding stock and serves as a director on the corporation's four-member board. The president of Toraflid is David Tufts.
The business holdings of TOG-III include four assets: 50% of Crutcher-Tufts *478 Corporation's stock, approximately 33% of Natchez Trace Land Corporation's stock, 38% of Foster Creek Corporation's stock, and 50% ownership of 6600 Plaza Drive, L.L.C.
Over the years a rift developed among the four Tufts siblings and divided them into two equal factions. On March 10, 2003, Frederick Tufts and Linda Hebbler petitioned the district court for involuntary dissolution of TOG-III. They filed the petition as trustees of the respective family trusts that own their partnership interests in TOG-III. The petition alleged that dissolution of TOG-III was necessary because the shareholders and directors of the general partner, Toraflid Corporation, were deadlocked and TOG-III thus could no longer operate. Robert Tufts and TOG-III answered the petition and opposed the involuntary dissolution. Robert Tufts answered in his own name, as a limited partner of TOG-III and owner of a 23.75% partnership interest. TOG-III appeared through David Tufts, in his capacity as president of Toraflid Corporation, the general partner of TOG-III. Following its answer, TOG-III asserted a reconventional demand for judicial dissolution of the four companies comprising the assets of TOG-III. Named as defendants-in-reconvention were Frederick Tufts and Linda Hebbler, as the trustees of their respective family trusts. Additional parties to the reconventional demand were Crutcher-Tufts Corporation, Foster Creek Corporation, Natchez Trace Land Corporation, and 6600 Plaza Drive, L.L.C. Alleging that the four companies could no longer operate, the reconventional demand requested appointment of a judicial liquidator to dissolve the companies. The demand also included an ex parte application for immediate appointment of a temporary liquidator to manage the companies' affairs pending the trial and appointment of a judicial liquidator. The district court denied the ex parte application for appointment of a temporary liquidator.
In response to the reconventional demand, Frederick Tufts and Linda Hebbler, as trustees of their family trusts and defendants-in-reconvention, filed exceptions of no right of action, or alternatively, lack of procedural capacity and prematurity. The exceptions alleged that neither TOG-III, nor Toraflid Corporation, nor David Tufts had any authority to seek involuntary dissolution of the four companies comprising TOG-III's assets. The district court set the exceptions for hearing on August 6, 2003.
At the hearing, Frederick Tufts testified in support of the exceptions, and David Tufts testified in opposition. The witnesses concurred that David Tufts was the president of Toraflid, TOG-III's general partner, and that Toraflid's shareholders and directors were deadlocked, as were TOG-III's limited partners. Beyond that, however, the witnesses agreed on very little. Frederick Tufts testified that no meetings of Toraflid's shareholders or directors had ever taken place to authorize David Tufts to proceed with the reconventional demand in the name of TOG-III. Nor, according to Frederick Tufts, had TOG-III's limited partners ever given David Tufts such authority to proceed. During his testimony Frederick Tufts identified a March 20, 2002 memorandum from Linda Hebbler and him to David Tufts and Robert Tufts that specifically objected to the initiation of any litigation on behalf of TOG-III. The parties stipulated that, if Linda Hebbler had testified, she would have given testimony substantially the same as Frederick Tufts.
David Tufts testified that regular or special meetings of Toraflid's directors had not been conducted for years. Moreover, he considered it futile to call a directors' *479 meeting before filing the reconventional demand because two of the directors, Frederick Tufts and Linda Hebbler, were the very parties who had petitioned for involuntary dissolution of TOG-III. As such, Frederick Tufts and Linda Hebbler had an interest in the outcome of any such directors' meeting and would have been disqualified from voting at the meeting, according to David Tufts. The remaining disinterested directors, David and Robert Tufts, thus made the decision to proceed with the reconventional demand. David Tufts, in his capacity as president of Toraflid, thereafter filed the reconventional demand on behalf of TOG-III. He testified that he believed his powers as Toraflid's president included authority to file the reconventional demand in TOG-III's name.
Various documents were introduced into evidence during the hearing on the exceptions, including Toraflid's bylaws, TOG-III's partnership agreement, and the March 28, 2002 memorandum identified by Frederick Tufts during his testimony. At the conclusion of the hearing, the defendants-in-reconvention withdrew their prematurity exception, and the district court took under advisement the remaining exceptions of no right of action, or alternatively, lack of procedural capacity. On August 12, 2003, the district court signed a judgment maintaining the exceptions and dismissing the reconventional demand. This appeal followed.

DISCUSSION
Appellants, TOG-III and Robert Tufts, claim that the district court erred in maintaining the exceptions and dismissing TOG-III's reconventional demand because Toraflid Corporation, TOG-III's corporate general partner, authorized the filing of that reconventional demand. Alternatively, appellants contend that the district court erred in dismissing the reconventional demand without allowing an opportunity to amend that demand to cure the grounds for any objection to TOG-III's procedural capacity.
Appellees, Frederick Tufts and Linda Hebbler, as trustees of their respective family trusts, urge us to affirm the district court's judgment. According to appellees, the district court implicitly found that Toraflid Corporation and TOG-III were deadlocked, and the lower court correctly concluded that David Tufts lacked authority to assert the reconventional demand on TOG-III's behalf.
We raise Robert Tufts' status in this appeal as a preliminary issue. The record shows that Robert Tufts answered the original petition in his capacity as a limited partner of TOG-III. A close reading of the reconventional demand, however, reveals that Robert Tufts was not a party to that demand. Rather, the reconventional demand was asserted solely by TOG-III. The record further reflects that Robert Tufts appeared through counsel at the August 6, 2003 hearing on the exceptions and that he joined in the appeal of the district court's August 12, 2003 judgment. Nevertheless, since the answer to the original petition defined Robert Tufts' capacity in this case as a limited partner of TOG-III, and since Robert Tufts was not a party to the reconventional demand, his standing as an appellant is doubtful. But we need not reach the issue of Robert Tufts' standing to appeal because TOG-III is clearly a proper party appellant and we are thus able to address the merits of this appeal.
Turning then to the merits, we are asked to review the district court's judgment maintaining the exception of no right of action. Article 681 of the Louisiana Code of Civil Procedure establishes that an action can only be brought by a person having a real and actual interest that he asserts. The exception of no right *480 of action is designed to test whether the plaintiff has a real and actual interest in the action. La.Code Civ. Proc. Art. 927 A(5). The function of that exception is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. The exception of no right of action assumes that the petition states a valid cause of action for some individual and questions whether the plaintiff in the particular case belongs to the class that has a legal interest in the subject matter of the litigation. Industrial Companies, Inc. v. Durbin, 02-0665, pp. 11-12 (La.1/28/03), 837 So.2d 1207, 1216 citing, Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888.
Appellant TOG-III argues that its corporate general partner, Toraflid Corporation, has authority to bring claims for liquidation of entities in which TOG-III has an ownership interest. As support, appellant relies on the partnership management article contained in TOG-III's Agreement of Limited Partnership, which was introduced at the hearing on the exceptions. In particular, appellant refers to Section 5.1 of the partnership agreement. Section 5.1, which details the power and authority of the general partner, provides:
Except as otherwise provided in this Agreement and except as otherwise provided by applicable law, the General Partner shall have full and exclusive power and authority on behalf of the Partnership to manage, control, administer and operate the properties, business and affairs of the Partnership and to do or cause to be done any and all acts deemed by the General Partner to be necessary or appropriate thereto, and the scope of such power and authority shall encompass all matters in any way connected with such business or incident thereto....
Appellant contends that the partnership agreement contains no provision that expressly limits the authority of Toraflid, as general partner, from seeking liquidation of an entity in which TOG-III has an interest.
Appellant next argues that it was unnecessary to obtain authority from Toraflid's shareholders before filing the reconventional demand because none of Toraflid's assets are to be liquidated. Rather, the reconventional demand seeks liquidation of assets belonging to TOG-III; and thus, according to appellant, the requirement imposed by La. R.S. 12:121 to obtain shareholder authorization before disposing of substantially all of a corporation's assets does not apply in this case. Appellant urges that TOG-III's reconventional demand could therefore proceed without prior authority from Toraflid's shareholders.
Appellant finally argues that Toraflid's bylaws did not require the corporation's president to have authority from the directors to file the reconventional demand. To the contrary, appellant claims that the bylaws confer broad powers on Toraflid's president, as evidenced by Article Seven, Section 8 of Toraflid's bylaws, which were introduced at the hearing on the exceptions:
The President shall be the chief executive officer of the Corporation and, subject to the provisions of these Bylaws, shall have general supervision of the affairs of the Corporation and shall have general and active control of all its business.... He shall have power and general authority to execute bonds, deeds and contracts in the name of the Corporation and to affix the corporate seal thereto; to sign stock certificates; to cause the employment or appointment of such employees and agents of the Corporation as the proper conduct of operations *481 may require and to fix their compensation, subject to the provisions of these Bylaws; ... and in general to exercise all the powers usually appertaining to the office of president of a corporation, except as otherwise provided by statute, the Articles of Incorporation or these Bylaws....
Moreover, appellant contends that the March 28, 2002 memorandum introduced at the hearing on the exceptions has no effect on the president's broad powers under Toraflid's bylaws. That memorandum from Frederick Tufts and Linda Hebbler expresses specific opposition to David Tufts, as president of Toraflid, initiating or pursuing legal actions like the reconventional demand now at issue. But, appellant counters, that memorandum is meaningless in light of La. R.S. 12:82(G):
Except as otherwise provided in the articles or by-laws, or by resolution of the board of directors, the president, vicepresident or manager of any corporation or any foreign corporation doing business in this state, shall have power in the name and behalf of the corporation to authorize the institution, prosecution or defense of any suit and other legal proceedings, and no exception of want of authority shall lie on the part of any other party.
Alternatively, appellant urges that the district court, rather than dismissing the reconventional demand, should have allowed the opportunity to amend the demand to cure any defect in procedural capacity. Appellant bases this alternative argument on the characterization of the exception at issue as a dilatory exception of lack of procedural capacity under La. Code Civ. Proc. Art. 926 A(6), as opposed to a peremptory exception of no right of action under La.Code Civ. Proc. Art. 927 A(5). When a dilatory exception is maintained, La.Code Civ. Proc. Art. 933 B provides for amendment of the pleading to remove the grounds of the procedural capacity defect, rather than immediate dismissal as the district court ordered here. Appellant urges us to follow this alternative approach as the Fourth Circuit did on rehearing in Eastlake Trading Co., Inc. v. Iberia Trading Co., Inc., 398 So.2d 1146 (La.App. 4 Cir.1980), writ denied, 401 So.2d 977 (La.1981).
Appellees urge us to affirm the district court's judgment as correct. They argue that the district court implicitly found that Toraflid and TOG-III were deadlocked and then correctly concluded that the shareholders, directors and limited partners of those two companies did not authorize the reconventional demand, as required by the governing documents for those companies. Thus, according to appellees, David Tufts lacked authority as president of Toraflid, TOG-III's general partner, to file the reconventional demand in the name of TOG-III, and the district court therefore properly maintained the exceptions and dismissed the reconventional demand. In response to appellant's alternative argument that an opportunity to amend the reconventional demand should be allowed, appellees note that appellant failed to make that claim in the district court; and they contend that appellant cannot now assert that claim for the first time on appeal.
Appellees rely heavily on Innovative Therapy Products, Inc. v. Roe, No. Civ. A. 98-1506, 1998 WL 405049 (E.D.La., July 17, 1998) as authority for their position on the scope of a corporate president's authority when the corporation is deadlocked. But Innovative Therapy is an unpublished decision of the United States District Court for the Eastern District of Louisiana, and unpublished decisions and opinions should not be cited or used as precedent in materials presented to any *482 court, except in continuing or related litigation. Roberts v. Sewerage and Water Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, 349; See also, Uniform RulesCourts of Appeal Rule 2-16.3. We therefore decline to consider Innovative Therapy as having any precedential value in this appeal.
In considering this appeal, we first turn to the statutes upon which the reconventional demand bases its application for involuntary dissolution. Dissolution of the three corporate entities made party to the reconventional demand is based on La. R.S. 12:143, which provides in pertinent part:
A. The court may entertain a proceeding for involuntary dissolution under its supervision when it is made to appear that: ...
(2) The objects of the corporation have wholly failed, or are entirely abandoned, or their accomplishment is impracticable; or
(3) It is beneficial to the interests of the shareholders that the corporation should be liquidated and dissolved; ...
E. The court may, after trial, appoint a judicial liquidator, and may, ex parte pending trial, appoint a temporary liquidator whose authority shall cease upon appointment of a judicial liquidator, upon dismissal of the petition, or upon appointment of a receiver.
The reconventional demand seeks judicial dissolution of the remaining limited liability company under La. R.S. 12:1335, which states:
On application by or for a member, any court of competent jurisdiction may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement.
The courts recognize the drastic nature of involuntary dissolution as a remedy and reluctantly apply that remedy only when the limited and specific statutory grounds for that relief are clearly established. LaFleur v. Guilbeau, 617 So.2d 1362, 1372 (La.App. 3 Cir.1993); Matherne v. Response Instrument Service & Engineering Corp., 533 So.2d 1011, 1015-1016 (La.App. 1 Cir.1988), writ denied, 537 So.2d 1166 (La.1989). The reconventional demand here at issue magnifies the drastic nature of involuntary dissolution. That demand does not apply for dissolution of Toraflid or TOG-III (as does the original petition in this case). Rather, the reconventional demand seeks the involuntary dissolution of business entities other than Toraflid, as the corporate general partner, and TOG-III, as a limited partnership. We are strained to find any merit in the contention that David Tufts, in the exercise of his ordinary powers as president of Toraflid, the corporate general partner of TOG-III, had the right to assert a reconventional demand applying for the drastic remedy of involuntary dissolution of TOG-III's assets. And our review of TOG-III's limited partnership agreement and Toraflid's bylaws convinces us that our conclusion is correct.
As appellant points out, Section 5.1 of TOG-III's Agreement of Limited Partnership conveys broad authority to the general partner. That authority, while broad, is not unlimited. And as it pertains to the situation in this case, subparagraph (i) of Section 5.1 specifically requires the consent of a majority in interest of the partners before the general partner can dispose of "all or substantially all of the assets of the Partnership...." That provision, without more, would seem to defeat any claim that TOG-III, through its corporate general partner, had the right to apply for involuntary dissolution of all *483 partnership assets without the consent of a majority in interest of the TOG-III partners.
As appellant further points out, Article Seven, Section 8 of Toraflid's bylaws bestows wide-ranged authority on David Tufts as the president of that corporation. But again, that authority is not without its limits; and Article Three, Section 1 of those bylaws makes it clear that Toraflid's corporate powers are vested in its board of directors and that those powers are exercised under the authority of that board:
The powers of the Corporation shall be exercised by or under the authority of, and the business and affairs of the Corporation shall be managed under the direction of, the Board of Directors, which may exercise all such powers of the Corporation and do all such lawful acts and things as are not by statute, the Articles of Incorporation or these Bylaws directed or required to be exercised or doe by the shareholders.
While Toraflid's bylaws unquestionably empowered David Tufts to conduct the day-to-day operations of the corporation as its president, the filing of a reconventional demand seeking the drastic remedy of involuntary dissolution went well beyond day-to-day operations and exceeded the scope of David Tufts' authority as corporate president. In our view and based on our understanding of Toraflid's bylaws, David Tufts, as the corporation's president, had no right to file the reconventional demand in this case without first obtaining authority from Toraflid's directors. And, as the record shows, that prior authority was not obtained.
Based on our analysis, we conclude that the district court correctly maintained the peremptory exception of no right of action and dismissed the reconventional demand. Moreover, because the peremptory exception was maintained, it is unnecessary to address appellant's alternative argument concerning the declinatory exception of lack of procedural capacity.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.