JAMES F. McKAY III, Chief Judge.
| defendant, Doyle Restaurant Group Franchise Company, LLC (“DRG”), appeals the trial court’s September 6, 2012 judgments: 1) confirming an arbitration award rendered in favor of plaintiffs, Bottled Poetry, LLC, Uncorked, LLC d/b/a The Wine Loft, Uncorked II, LLC d/b/a The Wine Loft, DP Ventures, and the Wine Loft Pittsburgh, Inc. (collectively “franchisees”); and 2) denying DRG’s exception of lack of procedural capacity. For the reasons set forth below, we affirm.
DRG is the national franchisor of Wine Loft. Each of the five franchisees involved in this action entered into franchise agreements with DRG to operate Wine Loft franchises in various states. None of the businesses are located in Louisiana, and none of the franchisees are licensed to do business in the state.
The franchise agreements, which were drafted by DRG, required the franchisees to pay a percentage of their gross sales as advertising fees to DRG. The franchise agreements also contain a choice of forum clause for the state of |2Louisiana and an arbitration clause, requiring that the arbitrator be appointed in New Orleans, Louisiana. The terms of the franchise agreements are not disputed.
A dispute arose between the franchisees and DRG regarding DRG’s use of the advertising fees. The parties submitted to arbitration in New Orleans, Louisiana. An arbitration award was rendered in favor of the franchisees. The terms of the award are not at issue here.
On February 2, 2012, the franchisees filed a petition to confirm the arbitration award in the Civil District Court for the Parish of Orleans. DRG neither admitted nor denied the allegations of the petition. Rather, DRG filed exceptions of prematurity/lack of procedural capacity and insufficiency of service of process.[1]
The matter was brought before the trial court on August 10, 2012. After considering the testimony of Jason Doyle (“Mr. Doyle”), managing member of DRG, the arguments of counsel, and the record, the trial court confirmed the arbitration award and denied DRG’s exception of lack of procedural capacity. The arbitration award and the franchise agreements were attached to the petition, but were not introduced into evidence. DRG’s timely appeal followed. The franchisees answered the appeal seeking an increase in attorneys’ fees.
On appeal, DRG asserts that the trial court erred in: 1) failing to sustain DRG’s exception of lack of procedural capacity; and 2) confirming the arbitration award when the franchisees failed to present any evidence or testimony and failed |sto introduce any exhibits into evidence. For the reasons that follow, we find no merit in these assignments of error.
Arbitration is favored in Louisiana, and arbitration awards are presumed *64 to be valid. Dicorte v. Landrieu, 2008-0249, p. 3 (La.App. 4 Cir. 09/10/08), 993 So.2d 799, 801. Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed, and the burden of proof is on the party attacking the award. Montelepre v. Waring Architects, 2000-0671, p. 4 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130.
La. R.S. 9:4209 requires that a district court confirm the arbitration award upon application by any party unless grounds pursuant to La. R.S. 9:4210 or 9:4211 exist.[2] Kleinschmidt v. Lanza, 2010-0540, p. 5 (La.App. 4 Cir. 9/15/10), 45 So.3d 1165, 1168. In addition to the grounds enumerated in La. R.S. 9:4210 and 4211, a litigant may attack an arbitration award on the basis of a “manifest disregard of the law,” a judicially created ground for vacating an arbitration award. Welch v. A.G. Edwards & Sons, Inc., 95-2085, 2086, p. 5 (La.App. 4 Cir. 5/15/96), 677 So.2d 520, 524. A manifest disregard of the law refers to error which is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator. Id.
14 Exception of Lack of Procedural Capacity
In the present case, DRG did not file a motion to vacate or modify the arbitration award based on either the statutory or jurisprudential grounds stated herein-above. Rather, DRG asserted an exception of prematurity/lack of procedural capacity, arguing: 1) pursuant to La. R.S. 12:314(A), the franchisees, as foreign corporations, are not permitted to bring a judicial demand in Louisiana because they are not licensed to do business in the state; and 2) because the franchisees are not licensed to do business in the state, they are required by La. R.S. 12:82(G) to show proof of their corporate authority to file an action here. DRG submits that no such proof was provided.
La. R.S. 12:314(A) provides:
No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state unless it has been authorized to transact such business, if required by, and as provided in, this Chapter. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall be the certificate of the secretary of state or a duly authenticated copy thereof. (Emphasis added).
The franchisees argue that La. R.S. 12:314(A) does not apply to them *65 because they were not “transacting business” in Louisiana within the meaning of the statute. They contend that La. R.S. 12:314(A) does not apply, as in the present case, where a foreign corporation not licensed to do business in this state is not in fact conducting business here. We agree. It is well settled that La. R.S. 12:314(A) (formerly La. R.S. 12:212) does not apply to a foreign corporation unless it is actually doing business in Louisiana. Kirkeby-Natus Corporation v. Campbell, 210 So.2d 103, 105 (La.App. 4 Cir.1968). The question of whether or not the corporation is doing business in this state is one mixed with both law and fact, the | .-.determination of which rests upon all of the individual facts connected with its operations. Id. The burden of proving that the corporation is doing business in the state is imposed entirely upon the individual urging such a defense. Id. See also Aspen Industries, Inc. v. Williams, 378 So.2d 527 (La.App. 4 Cir.1979); Charles Pfizer & Co., Inc. v. Tyndall, 287 So.2d 552 (La.App. 3 Cir.1973).
To demonstrate that the franchisees were transacting business in Louisiana, DRG presented the testimony of Mr. Doyle, who was asked to describe the contacts that the franchisees have had with this state. He noted the following: 1) the franchise agreements were negotiated in Louisiana; 2) franchisee training was conducted in Louisiana; 3) the franchisees sent weekly documents to Louisiana reporting on their gross revenues; and 4) the franchisees came to Louisiana for meetings. Mr. Doyle acknowledged that all of these contacts were mandated by the franchise agreements.
Based on the record, we find that DRG did not meet its burden of showing that the franchisees were doing business in Louisiana. Other than the contacts Mr. Doyle described, which were undisputedly mandated by the franchise agreements, DRG presented no evidence that the franchisees were actually doing business here. Thus, the franchisees were not prohibited from filing suit in Louisiana pursuant to La. R.S. 12:314(A).
DRG’s exception of lack of procedural capacity further asserts that pursuant to La. R.S. 12:82(G), the franchisees are prohibited from filing suit in Louisiana without demonstrating their authority to file suit. Again, we find no merit in this contention.
La. R.S. 12:82(G) provides in pertinent part:
| (¡Except as otherwise provided in the articles or by-laws, or by resolution of the board of directors, the president, vice-president or manager of any corporation or any foreign corporation doing business in this state, shall have power in the name and behalf of the corporation to authorize the institution, prosecution or defense of any suit and other legal proceedings, and no exception of want of authority shall lie on the part of any other party.
La. R.S. 12:82(G) is a declaration that no exception of want of authority shall lie on the part of a defendant when the president, vice-president or manager of a foreign corporation doing business in the state authorizes the institution of a suit. See Eastlake Trading Co., Inc. v. Iberia Trading Co., Inc., 398 So.2d 1146, 1149 (La.App. 4 Cir.1980). It does not apply in the present case where the franchisees were not shown to be conducting business in Louisiana.
DRG also argues on appeal that the trial court failed to consider the exception of lack of procedural capacity and failed to make a factual determination on the issue. To the contrary, the record reflects that the trial court considered DRG’s argument *66 presented on the exception of lack of procedural capacity and considered the testimony of Mr. Doyle to determine that DRG failed to set forth sufficient grounds to vacate the arbitration award. On the record, the trial court stated:
The Court’s only recourse when there is a Petition to Confirm the Arbitration is whether that [sic] was something that was so egregious that warrants overturning the arbitrator’s award. The Exception of Lack of Procedural Capacity that you raised, I do not find rises to that level. Since there is only a motion before the Court to confirm the arbitrator award, I do not find there is anything so egregious that would warrant that it be overturned. And as such, I have no recourse but to confirm the award.
It is well settled that absent the existence of any of the established statutory or jurisprudential grounds for vacating or modifying an arbitration award, a reviewing court is prohibited from reviewing the merits of the arbitrator’s decision. Webb v. Massiha, 08-0226, p. 5 (La.App. 5 Cir. 9/30/08), 993 So.2d 345, 348. After a thorough review of the record, we find that the trial court was presented with nothing that would have required him to vacate the arbitration award. We thus find that DRG’s first assignment of error lacks merit.

Confirmation of Arbitration Award where no Evidence was Introduced

In the present case, the arbitration award and the franchise agreements were attached to the petition. DRG did not answer the petition and, thus, did not deny any of the allegations made therein. At trial, the documents were not formally introduced into evidence. Thus, DRG submits that the franchisees failed to carry their burden of production and proof at trial. We find no merit in this argument.
We recognize the well-established principle that evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Mgmt. Services, Inc., 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. However, this principle is not applicable here. Denoux involved a peremptory exception of prescription. Exceptions (dilatory, declinatory and peremptory) often require a moving or non-moving party to introduce evidence in support or defense of the exception.[3] La. C.C.P. arts. 925, 926 and 927. Merely attaching documents to an exception is insufficient. Any evidence must be formally introduced.
Here, the franchisees did not file an exception. They filed a petition to confirm an arbitration award in accordance with La. R.S. 9:4214. To confirm an ^arbitration award, La. R.S. 9:4214[4] re *67 quires that the arbitration award and arbitration agreement be attached to the petition. This requirement was met. Thus, we find no error in the trial court’s consideration of the documents in question.

Franchisees’ Answer to the Appeal

The franchisees have answered this appeal, asserting that the appeal is frivolous and requesting additional attorneys’ fees. Rule 2-19 of the Uniform Rules-Courts of Appeal provides that “[t]he court may award damages for frivolous appeal in civil cases as provided by law.” Damages for a frivolous appeal are awarded pursuant to La. C.C.P. art. 2164, which states:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
La. C.C.P. art. 2164 is penal in nature and must be strictly construed. Troth Corp. v. Deutsch, Kerrigan & Stiles, L.L.P., 2006-0457, p. 5 (La.App. 4 Cir. 1/24/07), 951 So.2d 1162, 1166. Appeals are favored in the law, and no penalties should be awarded for a frivolous appeal unless it is manifestly clear that the | ^appeal was taken solely for delay or that the appealing counsel does not sincerely believe in the view of the law that he is advocating. Id. (citing Haney v. Davis, 2004-1716, p. 11, (La.App. 4 Cir. 1/19/06), 925 So.2d 591, 598). Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant. Id.
As we have stated previously, this Court is reluctant to grant frivolous appeal damages because of the chilling effect the award may have on the appellate process. Tillmon v. Thrasher Waterproofing, 2000-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 136. Although a successful appeal is by definition non-frivolous, the converse is not true because appeals are favored. Haney, supra, 925 So.2d at 598. Damages for frivolous appeal are properly awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes. Id.
Applying the above stated rule of strict construction, we do not find that the present matter meets the requirements of a frivolous appeal. Thus, we decline to award additional attorneys’ fees.
For the foregoing reasons, we find that the trial court did not err by confirming the arbitration award. Accordingly, we affirm.
AFFIRMED.

. DRG's exception of insufficiency of service of process was rendered moot by the trial court.

. La. R.S. 9:4210 provides that the courts can vacate the award:
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
La. R.S. 9:4211 states the award can be modified:
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy ....

. The only exception that does not allow for the introduction of evidence is the exception of no cause of action. La. C.C.P. art. 931.

. Louisiana Revised Statutes 9:4214 provides: Any party to a proceeding for an order confirming, modifying, or correcting an award shall, at the time the order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
(1)The agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of time, if any, within which to make the award.
(2) The award.
(3) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.
The judgment shall be docketed as if it were rendered in an action.
The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law *67 relating to, a judgment in an action, and it may be enforced as if it had been rendered in an action in the court in which it is entered.