NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-849

INTERDICTION (JOHN DUPUIS) OF LINDA DUPUIS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2015-10239
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.

AFFIRMED.

**Katherine L. Hurst**
**P. O. Box 90316**
**Lafayette, LA 70509-0316**
**(337) 233-6930**
**COUNSEL FOR APPELLEE:**
    **Linda Dupuis**

**Galen M. Hair**
**Lauren E. Checki**
**Varadi, Hair & Checki, LLC**
**909 Poydras St., Suite 1100**
**New Orleans, LA 70112**
**(504) 684-5200**
**COUNSEL FOR APPELLANT:**
    **John Dupuis**

**SAVOIE, Judge.**

John Dupuis appeals the trial court's denial of his petition seeking to have his mother interdicted. For the following reasons, we affirm.

**Factual and Procedural Background**

On March 17, 2015, Plaintiff, John Dupuis ("John"), filed a Petition for Interdiction asserting that his sixty-five year old mother, Linda Dupuis ("Ms. Dupuis"), was "not capable of caring for herself or handling her business affairs[.]" John is one of five of Ms. Dupuis' children. He alleged as grounds for interdiction that Ms. Dupuis was incapable of being employed, was incapable of driving, and was unable to balance a checkbook or pay her bills. John also noted in the petition that Kenneth Dupuis ("Mr. Dupuis"), who was Ms. Dupuis' husband and John's father, had recently passed away unexpectedly and that Mr. Dupuis had always taken care of Ms. Dupuis. John further sought to be appointed curator of Ms. Dupuis.

Ms. Dupuis filed an answer denying John's allegations and, in the alternative, seeking the appointment of her daughter, June Dupuis, as curator in the event the trial court deemed interdiction appropriate. She also filed an exception of no cause of action. John subsequently amended his petition and alleged as additional grounds for interdiction that Ms. Dupuis suffers from mental illness and epilepsy that required a prior brain surgery.

John and his brother, Fulton Dupuis, had also initiated a separate proceeding in Catahoula Parish seeking to be appointed as co-administrators of Kenneth Dupuis' succession. Letters of Administration were signed on March 20, 2015. However, on September 25, 2015, the judge presiding over the succession matter signed an order prohibiting all parties in interest, including Ms. Dupuis, John, and

Fulton Dupuis, from taking any action with regard to the succession until the judge rendered a decision as to who should act as administrator and ruled on John's motion to compel that was pending in that action. The judge in the succession matter also continued the matter without date, pending the resolution of the interdiction proceeding.

Following a hearing in the instant interdiction proceeding on May 18, 2015, the trial court rendered a judgment denying Ms. Dupuis' exception. It further appointed Dr. Eddie Johnson as an examiner under La.Code Civ.P. art. 4545 to provide an opinion as to whether Ms. Dupuis suffered from the alleged infirmities, the appropriateness of interdiction, and whether a less restrictive means of intervention was available. Ms. Dupuis was ordered to submit to an examination by Dr. Johnson. A hearing on the merits of the petition for interdiction was set for August 3, 2015.

John then filed a "Rule to Compel Discovery" on May 26, 2015, wherein he asked the court to order Ms. Dupuis to respond to interrogatories and requests for production and to submit to a deposition. This rule was set for hearing on August 3, 2015.

Dr. Johnson's certified medical records contain a report addressed to the trial judge dated June 15, 2015, indicating that he had examined Ms. Dupuis on May 21, 2015. He noted in the report that he had been Ms. Dupuis' primary care provider for the last fifteen years, and that her scoring on the "Folstein Mini Mental Status" exam performed on May 21, 2015, "showed no evidence of cognitive impairment." He further opined that Ms. Dupuis "is capable of making competent major life decisions and that any interdiction, full or limited, would not be indicated."

On July 13, 2015, counsel for Mr. Dupuis filed a request for the issuance of a subpoena to Ms. Dupuis and her daughter, June Carter, to appear for a deposition on July 23, 2015. It is undisputed that neither Ms. Dupuis nor June appeared for depositions scheduled for July 23, 2015. Rather, on July 23, 2015, Ms. Dupuis filed a motion for summary judgment as well as a motion seeking a protective order prohibiting the depositions and any discovery. This motion was also set for hearing on August 3, 2015. The August 3, 2015 court date was subsequently continued without date.

The trial court heard and denied Ms. Dupuis' Motion for Summary Judgment on April 16, 2016. It then set a hearing on the merits of the petition for interdiction for May 16, 2016. On May 9, 2016, John filed a motion seeking a hearing on the previously-filed rule to compel discovery and a continuance of the hearing on the merits. The trial court deferred this motion to the May 16, 2016 hearing on the merits.

On May 16, 2016, the trial court first addressed and denied John's rule to compel and motion to continue. It then proceeded to the merits, but indicated it was bifurcating the matter and would consider only the issue of whether interdiction of Ms. Dupuis was appropriate. It reserved for later the issue of who was to be appointed curator should it find interdiction appropriate. The trial court heard the testimony of several witnesses, including Ms. Dupuis, John, Dr. Catherine McDonald, and Richard Imhoff, a bank manager who was involved in the management of Ms. Dupuis' financial accounts. After reviewing the testimony and evidence accepted into the record, including the certified records from Dr. Johnson, the trial court found in favor of Ms. Dupuis. The trial court stated:

3

I find that the plaintiff did not prove by clear and convincing evidence that . . . the defendant needed to be interdicted in this case.

I was impressed with Mr. Imhoff's testimony that she made sound financial decisions with him. I agree that there are less restrictive means, such as the power of attorney, and she has five children to help her.

The trial court further ordered that costs were to be divided equally between the parties.

John appeals and asserts the following as assignments of error:

1. The Trial Court abused its discretion in its denial of Appellant's Motion to Compel Discovery and the related denial of the Motion to Continue, thus denying Appellant any opportunity to do discovery prior to trial.

2. The Trial Court erred by denying Appellant's Petition for Interdiction of Linda Dupuis because it erroneously and unfairly relied upon non-disclosed evidence.

Ms. Dupuis answered the appeal asserting that John's appeal is frivolous and that she is therefore entitled to damages, attorney fees, and costs pursuant to La.Code Civ.P. art. 2164.

## ANALYSIS

*Motion to Compel and Motion to Continue*

John argues on appeal that he was denied due process and was unable to adequately prepare for the hearing against Ms. Dupuis because the trial court denied his motion to compel and did not require Ms. Dupuis to answer discovery or attend a deposition prior to the interdiction hearing.

"A party seeking to compel discovery bears the burden of proving that the matters sought to be discovered are relevant. In determining whether to compel discovery, the trial judge has vast discretion." *State ex. rel. Ieyoub v. Racetrac Petroleum, Inc.*, 2001-458, p. 18 (La.App. 3 Cir. 6/20/01), 790 So.2d 673, 685. A

4

trial court's broad discretion in regulating pre-trial discovery will not be disturbed on appeal absent a clear showing of abuse. *Moak v. Ill. Cent. R.R. Co.*, 93-783 (La. 1/14/94), 631 So.2d 401.

While John alleged in his rule to compel that Ms. Dupuis failed to timely respond to interrogatories and requests for production, the discovery he sought to have answered was not offered or accepted into evidence. "Evidence not properly and officially offered and introduced cannot be considered, even it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Management Services, Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. We may not consider any evidence not in the record. *Id.* Therefore, we have no evidence upon which to find an abuse of discretion by the trial judge in denying John's rule to compel with regard to the written discovery he sought to have answered.

John also argues that he should have been allowed to depose Ms. Dupuis and June Carter prior to proceeding to the merits on his petition for interdiction, and he notes that they failed to attend a deposition that they were subpoenaed to attend.

While it is undisputed that Ms. Dupuis failed to appear for a scheduled deposition, John's counsel had the opportunity to cross-examine her on the date of the interdiction hearing, which was conducted as a summary proceeding as required by La.Code Civ.P. art. 4547. *See also,* La.Code Civ.P. art. 2951. Based on the record before us, the summary nature of the proceedings, the June 15, 2015 report from Dr. Johnson, the heightened burden of proof on the petitioner set forth in La.Code Civ.P. art. 4548 (discussed below), and the trial court's bifurcation of the issues, we cannot say that the trial judge abused its vast discretion in denying

5

John's motion to compel or related motion to continue with respect to the depositions that were sought. We note that John did not seek sanctions from the trial court related to the failure of Ms. Dupuis and/or June Dupuis to appear at the scheduled depositions.

John also argues on appeal that had he had the opportunity to conduct discovery prior to trial, he would have deposed Dr. Johnson and called him to testify at the hearing. However, Dr. Johnson was appointed by the court to examine Ms. Dupuis; therefore, John was certainly aware of Dr. Johnson's involvement in the case and could have subpoenaed records from Dr. Johnson, deposed him, and/or subpoenaed him to appear at the merits hearing. He chose not to, despite *his* burden to prove the grounds for Ms. Dupuis' interdiction by clear and convincing evidence. La.Code Civ.P. art. 4548.

Based on the record before us, we find no abuse of discretion on the part of the trial court in denying John's rule to compel and motion to continue.

## *Merits of the Interdiction Proceeding*

John's cause of action is based on the following provisions in the Louisiana Civil Code:

Art. 389. Full Interdiction

A court may order the full interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less restrictive means.

. . . .

Art. 390. Limited Interdiction

A court may order the limited interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity is unable consistently to make reasoned decisions regarding the care

of his person or property, or any aspect of either, or to communicate those decisions, and whose interests cannot be protected by less restrictive means.

"[A]ny person may petition for the interdiction of a natural person[.]" La.Code Civ.P. art. 4541(A). Interdiction is "available upon proof that the person to be interdicted is mentally incapable of administering his or estate and is unable to take care of his or her person." *In re Smith*, 94-262, p. 17 (La.App. 5 Cir. 11/16/94) 646 So.2d 1052, 1060, *writ denied*, 94-2996 (La. 2/3/95), 649 So.2d. 407. "The petitioner in an interdiction proceeding bears the burden by clear and convincing evidence." La.Code Civ.P. art. 4548.

As this court recognized in *Interdiction of Cornwell v. Cornwell*, 97-425, p. 3 (La.App. 3 Cir. 10/15/97), 702 So.2d 938, 940:

> Interdiction is so harsh a remedy that it has been described as "a pronouncement of civil death without the dubious advantage of an inscription thereof on a tombstone." *Doll v. Doll*, 156 So.2d 275, 278 (La.App. 4 Cir.1963). Since it is so harsh, interdiction may not be used as a matter of convenience, hence the stiff burden of proof. *Interdiction of Lemmons*, 511 So.2d 57[(La.App. 3 Cir. 1987)].

At the interdiction hearing, Dr. Johnson's certified medical records regarding Ms. Dupuis were accepted into evidence. Included in those records was his written opinion to the court dated June 15, 2015, wherein he concluded that Ms. Dupuis was "capable of making competent major life decisions and that any interdiction, full or limited, would not be indicated." In addition, Dr. Catherine McDonald, a psychologist who examined Ms. Dupuis on May 10, 2016, testified at the hearing, and was accepted by the trial court as an expert witness. She noted that while Ms. Dupuis had a history of epilepsy, she had not had a seizure since her brain surgery approximately twenty years ago, and that she did not feel as though Ms. Dupuis suffered from any mental illness. Dr. McDonald further noted that Ms.

7

Dupuis answered judgment questions appropriately, was able to take her medicine on her own, and was competent to make her own decisions.

In addition, Mr. Richard Imhoff, who is a senior portfolio manager at C&B Bank and Trust ("C&B"), testified as to Ms. Dupuis' financial situation. Mr. Imhoff indicated that he was involved in the management of Ms. Dupuis' assets and that he came to know Ms. Dupuis following her husband Mr. Dupuis' death.

Prior to his death, Mr. Dupuis maintained "a self-directed IRA" at C&B, and C&B was the custodian of the account. Ms. Dupuis was named as the primary beneficiary of the IRA. Following Mr. Dupuis' death, Mr. Imhoff met in person with Ms. Dupuis to discuss her options with respect to the account. Ultimately, Ms. Dupuis chose to "roll over" the account and create her own IRA with the assets in her husband's IRA. Mr. Imhoff testified that Ms. Dupuis made this decision on her own after the options were explained to her, and, in his opinion, this was the "wisest choice" for her to make given the circumstances. Included in the IRA were three farms in Missouri, as well as a money market account.

Mr. Imhoff also indicated that Mr. and Ms. Dupuis owned a farm in Sullivan County Missouri that was not part of the IRA. Following Mr. Dupuis' death, Ms. Dupuis signed, on her own, a farm management agreement with C&B relative to this property. Mr. Imhoff testified that Ms. Dupuis had made this decision on her own. In addition, Mr. Imhoff explained that Ms. Dupuis had also decided to have C&B manage an "investment agency account" on her behalf, which contained death benefits Ms. Dupuis received from her husband's life insurance policy.

Mr. Imhoff testified that, Ms. Dupuis' daughter, June, has a power of attorney that was granted by Ms. Dupuis, but that June has never exercised it or otherwise made any decisions on behalf of Ms. Dupuis regarding Ms. Dupuis'

accounts. He further testified that he did not recall whether the power of attorney gave June the authority to withdraw money from Ms. Dupuis' accounts, or change the beneficiary on the accounts. Mr. Imhoff also indicated that the only distributions from Ms. Dupuis' accounts were relative to the management of the farm that was not included in IRA, and that the distributions were customary, and that they were deposited directly into Ms. Dupuis' bank account. In addition, Mr. Imhoff noted that money had been withdrawn from the investment account to pay for taxes.

John argues on appeal that the trial court's ruling denying his petition for interdiction was manifestly erroneous because his mother "suffers from memory loss and had an IQ far below normal." He states that his mother's "testimony, coupled with her medical records, prove that she is incapable of managing her own finances with a reasoned mind due her mental infirmities."

In support of his argument, John points to Ms. Dupuis' testimony misstating her age by one year and her inability to pronounce the parish in which she lived. He also argues that Ms. Dupuis did not understand how much money she had, what her sources of income were, or what an IRA was, and that Ms. Dupuis did not know whether property taxes or insurance were being paid on the rental property managed by C&B. John also notes the testimony of various family members indicating the amount of assistance Ms. Dupuis had received in connection with daily activities, raising her five children, and balancing her checkbook.

However, based on the medical opinions in the record, as well as the testimony of Mr. Imhoff concerning the management of Ms. Dupuis' assets, we do not find that the trial court was manifestly erroneous in finding that John had failed to prove, by clear and convincing evidence, that Ms. Dupuis was unable to

9

consistently make reasoned decisions regarding the care of her property due to an infirmity. We further fail to find any evidence in the record supporting John's assertion in his brief that Ms. Dupuis "is expending unnecessary funds, yet does not have the sound judgment to realize this."

John also suggests on appeal that we should reverse the trial court's ruling because he was not provided with a list of Ms. Dupuis' witnesses or evidence in advance of the hearing. We find no merit in this argument given the summary nature of the interdiction proceeding. It was John's burden to prove that interdiction of his mother was appropriate, and he failed to do so.

Also in connection with this assignment of error, John takes issue with the trial court's refusal to allow Ms. Dupuis to be questioned concerning a purported letter dated March 18, 2015 from Dr. Johnson, that was not in evidence and not addressed to Ms. Dupuis. However, John failed to proffer Ms. Dupuis' excluded testimony in accordance with La.Code. Civ.P. art. 1636, and did not otherwise seek to introduce into evidence, or proffer, the March 18, 2015 letter. Therefore, we cannot analyze the admissibility of this evidence, and John is precluded from complaining of it on appeal. *See*, *Broussard v. Olin Corp.*, 546 So.2d. 1301 (La.App. 3 Cir. 1989).

We affirm the trial court's denial and dismissal of John's petition seeking the interdiction of Ms. Dupuis.

*Ms. Dupuis' Answer to the Appeal*

Ms. Dupuis seeks damages, including attorney fees, pursuant to La.Code Civ.P. art. 2164 for having to defend what she considers to be a frivolous appeal. She argues that, given the testimony and evidence in the record, the appeal has "no arguable basis in law and is clearly frivolous."

[Louisiana Code of Civil Procedure] art. 2164 is penal in nature and must be strictly construed. Appeals are favored in the law, and no penalties should be awarded for a frivolous appeal unless it is manifestly clear that the appeal was taken solely for delay or that the appealing counsel does not sincerely believe in the view of the law that he is advocating. Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant.

. . . . Although a successful appeal is by definition non-frivolous, the converse is not true because appeals are favored. Damages for frivolous appeal are properly awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes.

*Bottle Poetry, L.L.C. v. Doyle Restaurant Group Franchise Co., L.LC.*, 13-406, pp. 8-9 (La.App. 4 Cir. 1/15/14), 133 So.3d 60, 67, *writ denied*, 14-335 (La. 4/11/14), 138 So.3d 606.

Applying these principles, we do not find that John's appeal in this matter is frivolous, and we decline to award damages to Ms. Dupuis.

## CONCLUSIONS

For the reasons stated above, the ruling of the trial court is affirmed. Costs of the appeal are assessed to Appellant, John Dupuis.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.

11